## ALVIE RUTHERFORD v. STATE.

[57 South. 224.]

CRIMINAL LAW. *Murder.. Code* 1906, *section* 1227. *Instruction.*
    An instruction purporting to define murder under section 1227,
    Code 1906, which omits the qualifying words "without authority
    of law" is fatally erroneous.

APPEAL from the circuit court of Tippah county.
HON. W. A. ROANE, Judge.

Alvie Rutherford was convicted of murder and ap-peals.

Appellant assigns as error the granting of instruction No. 1, for the state, which is as follows: "The court charges the jury, for the state, that murder is the kill-ing of a human being, by any means or in any manner, when done with the deliberate design to effect the death of the person killed; and, if the jury believe from the evidence in this case, beyond a reasonable doubt, that the defendant so killed deceased, then the jury, under their oaths, should find the defendant guilty, as charged."

*Spight & Street,* for appellant.

The first instruction given for the state is evidently based upon the statute defining murder, and practically denies the defendant, not only self-defense, but elimi-nates any possibility of conviction of manslaughter alone. It tells the jury, in effect, that if the defendant killed the deceased with the deliberate design to do so then they must convict him of murder. If the jury fully considered this charge and gave to it the force which its language entitles it, then there was nothing for them to do but return a verdict of guilty as charged. Every killing in pure self-defense is done with the deliberate design to effect the death of the person killed, and yet this instruction tells the jury that this is murder. It is

impossible to say that this instruction did not control the jury in reaching their verdict. Coming with the sanction of the court and read with the unction of the district attorney as the law of the land it it easily understood that when the jury read it they were prepared to say "this settles it."

In *Strickland* v. *State,* 81 Miss. 134, (32 So. Rep. 921), Justice Terrill, in delivering the opinion of the court, says:

"Whenever the life of a human being is in the balance, it is but just to him that the law governing the case made against him should be properly stated to the jury." . . . In *Ivy* v. *State,* 84 Miss. 264, (36 So. Rep. 265), identically the same instruction was passed upon, and C. J. Whitfield held that it was error, in the following language: "The first instruction for the state ought to have contained the words 'without authority of law,' since it was manifestly drawn under the statute." The charge under consideration contains the same omission and therefore falls within the condemnation of the principle laid down by Justice Whitfield.

*Jas. R. McDowell,* assistant attorney-general, for appellee.

Counsel bases hopes of a reversal upon the instructions. Instruction No. 1 granted for the state, which gives the definition of the crime of murder, fails to contain the words "unlawfully" or "without authority of law." This is clearly error under the decisions of the court in the *Ivy case,* 84 Miss. 264. It does not seem to be cured by any other instruction.

SMITH, J., delivered the opinion of the court.

The granting of the first instruction on behalf of the state, which was drawn under section 1227 of the Code, and which omits the qualifying words "without authority of law," was fatal error. *Ivy* v. *State,* 84 Miss. 264, 36 South. 265.                    *Reversed and remanded.*