LOCKHART JAMES *v.* STATE.

[63 South. 669.]

CRIMINAL LAW. *Instructions. Necessity of request.*

The accused cannot object to the failure of the court to give an instruction defining manslaughter and informing the jury that he might be convicted of that offense, where no such instruction was asked by either side as the court cannot grant instructions of its own motion.

APPEAL from the circuit court of Leflore county.
HON. MONROE McCLURG, Judge.
Lockhart James was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Watkins & Watkins,* for appellant.

The jury might well, under the testimony, have convicted the appellant of manslaughter under either section 1236 or 1237 of the Code of 1906. Now, if this is true, the failure of the court below to instruct the jury upon the question of manslaughter was a fatal error. The direct question was presented in *Johnson* v. *State,* 75 Miss. 635. On facts very similar to the facts at bar,

106Miss.23

the court said: "A more unsatisfactory case, on the testimony, was, perhaps, never presented to an appellate tribunal. There was not a charge given on either side as to manslaughter, and yet, on the proof, we think there might have been properly a verdict of manslaughter. We do not mean to say that a verdict of murder would be improper, on the testimony, if there had been no error of law; but, since a verdict of manslaughter might also be upheld, it was, in the distressingly conflicting state of the evidence, to the last degree important that no error of law should have been committed. The third instruction for the state shut the jury up to a verdict of murder or nothing, and was, on the record, reversible error."

This case was referred to and approved in the case of *May* v. *State,* 89 Miss. 291, wherein the court said: "The jury would have been well warranted in finding a verdict of manslaughter in this case. Indeed, the evidence would not well warrant any more serious finding, yet, there is not an instruction in the case as to manslaughter."

These two cases are conclusive of the case at bar. The testimony of the witness to which we have referred, fully justified, to say the least, the submission of the question of manslaughter to the jury. That being true, it was the duty of the court according to the authorities which we have cited to the court, even without the request of appellant's counsel, of its own motion; or at least it was the duty of the prosecuting attorney to request an instruction in writing, from the court, defining manslaughter, and authorizing the jury to so convict if the evidence in their judgment justified such verdict. It is no answer to the argument to say that the appellant's counsel might have asked for the instruction. In the two cases which we have cited to the court no instructions were asked for the appellant, the court recognizing the well-known fact that for a defendant in the trial court to ask for an instruction on manslaughter would be met with the argument that he was begging the jury to convict him of the smaller

offense, and common justice requires the state to define the lesser as well as the higher grades of punishment and to give the defendant at bar the benefit thereof. As a matter of fact, in this case the court in effect charged the jury that they could only convict the appellant of murder, as charged in the indictment. It is very likely that under the conflicting testimony in this case, the jury would have returned a verdict of manslaughter if they had been instructed that such verdict was permissible under the law and facts in the case. The facts were close. If the testimony of the appellant and several of his witnesses was true, he was not guilty of any offense, and a number of witnesses, both for the state and appellant, testified to facts sufficient to have justified a verdict of manslaughter only. That being true, it was the duty of the court below to submit, by appropriate instructions to the jury for their determination, the question of the guilt of the appellant of manslaughter only.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

It is familiar learning that an appellant is not entitled to complain of anything that is the result of inattention or negligence on his part. He must make the proper request and do everything that diligence would require at his hands before he can complain here.

The cases cited by counsel and relied on in his brief were overruled by this court at the present term of the court in the case of *Ada Johnson* v. *State.* It is now settled beyond cavil or doubt, and on right principles, that an appellant cannot have a case reversed for an instruction which he did not ask to be given. The law will not permit him to take chances and run the risk of the result of the trial on a theory of murder or nothing and when he loses on such venture, come in and contend that he ought to have had an instruction thrust upon him by the court or the state setting forth a different theory from that which he deliberately chose for himself. Further-

more, the appellant could not complain in this court, because the motion for a new trial did not assign this as a ground for a new trial and this court being purely a court of review will only pass on what was before the trial court on the motion for a new trial.

Inasmuch as the other assignments have not been argued by the appellant, and under the rules of the court, as well as of general appellate practice, will be considered waived, I will not discuss them in this brief. I submit that there is no error in the record.

REED, J., delivered the opinion of the court.

Appellant was indicted for murder, tried and convicted, and sentenced to the penitentiary for life.

It is in the assignment of errors, and earnestly argued by appellant's counsel, that the court erred in failing to grant an instruction defining manslaughter and informing the jury that appellant might be convicted of that offense.

No such instruction was asked for by either side in the trial of the case. We have decided recently, in the case of *Johnson* v. *State,* 63 So. 338, that, where appellant has not presented a written instruction on manslaughter, with the request that it be given, the failure by the court to give such instruction will not be deemed error upon appellant's complaint. In the opinion in that case we said: "Under the system of judicial procedure in Mississippi, it is not in the province of the judge to give instructions to the jury, unless one of the parties request him to do so, and present to him in writing the desired instruction. He is not permitted to instruct the jury at his own instance. Having failed to present a written instruction on manslaughter to the judge, with the request that it be given, appellant cannot now be heard to complain that she has not received the benefit of such instruction."

We find no error in the trial of the present case.

*Affirmed.*