## JOE DIXON v. STATE.

[64 South. 468-379.]

1. HOMICIDE. *Instructions. Trial. Invited error. Code* 1906, *section* 793.
   On the trial of a case of homicide an instruction that "if you believe from the evidence beyond a reasonable doubt that the defendant deliberately murdered the deceased, you will find him guilty, and may return either of the following verdicts" etc., was an incomplete definition of murder, because the killing, however deliberate, was not murder unless it was done "without authority of law," but this instruction does not attempt to define murder and the use of the word "deliberate" therein was simply surplusage.

2. CRIMINAL LAW. *Trial. Failure to define murder. Code* 1906, *section* 793.
   Under Code 1906, section 793 forbidding the court to grant instructions not asked for, the failure of the court to give an instruction defining murder, where neither party requests it is not error.

3. CRIMINAL LAW. *Trial. Instructions. Invited error.*
   Where an instruction is granted at defendant's request he cannot complain.

APPEAL from the circuit court of Bolivar county.

HON. T. B. WATKINS, Judge.

Joe Dixon was convicted of murder and appeals.

The facts are fully stated in the opinion of the court.

*H. K. Murray,* attorney for appellant.

*Geo. H. Ethridge,* assistant attorney-general, for the state.

The record in this case is lost.

SMITH, C. J., delivered the opinion of the court.

Appellant having been convicted of the crime of murder, appealed to this court, and the judgment of the court below was at a former day affirmed. His counsel now suggest that we erred in so doing, for many reasons, three of which seem to be that the court below erred: First, in granting the state's first and only instruction; second, in not giving the jury a definition of the crime of murder; and, third, in granting the instructions requested by appellant.

The instruction granted at the request of the state charged the jury that "if you believe from the evidence beyond a reasonable doubt that the defendant deliberately murdered the deceased, you will find him guilty, and may return either of the following verdicts," etc. The objection to this instruction seems to be that it omits the qualifying words "without authority of law," and the cases of *Ivy* v. *State,* 84 Miss. 264, 36 So. 265, and *Rutherford* v. *State,* 100 Miss. 832, 57 So. 224, are cited as establishing that the omission constitutes fatal error. In these cases the instructions condemned charged the jury that: "Murder is the killing of a human being with the deliberate design to effect the death of the person killed." This, of course, was an incomplete definition of murder, because the killing, however deliberate, was not murder unless it was done "without authority of law."

The instruction in the case at bar however, made no attempt to define murder, and the use of the word "deliberate" therein was mere surplusage. If it had instructed the jury to find appellant guilty if he "deliberately killed the deceased," the objection waived would be well taken.

No instruction was asked by either the state or defendant requesting the court to define the crime of murder, and therefore, under section 793 of the Code, it was without power to so instruct them; consequently it did not err in not so doing, for error cannot be predicated upon the failure of the court to do a thing which it is expressly forbidden by the statute to do.

If the instructions granted at the request of appellant are erroneous, he is without just cause of complaint thereat, for the reason that the court simply did what he requested it to do. *Concensus tollit errorem.*

If there is any merit in appellant's second and third objections, it is that the section of the Code here under consideration should be repealed and the judges be permitted to discharge their common law duty of aiding the jury in arriving at its verdict, and not merely act as umpire in a game, sometimes of chance, participated in by opposing counsel.

*Overruled.*