LINDSEY WAGON CO. *v.* NIX.

[67 South. 459.]

1. DAMAGES. *Personal injuries. Instructions. Necessity for request. Trial.*

In a suit for personal injury, an instruction that, if the jury found for the plaintiff, they should find a verdict for such an amount as in their judgment the evidence in the case warranted, and in fixing such amount to consider plaintiff's physical pain and mental suffering as a result of the injury, was not erronoeus as failing to give the jury any guide by which to measure the damage, since it required them to consider all of the proof and all that may be included therein, in the way of claims of liability and of defense.

2. SAME.

Such an instruction was not erroneous because of its failure to state that the damages should be diminished in proportion to the amount of negligence attributable to plaintiff, as provided in Laws 1910, chapter 135; since under Code 1916, section 793, providing that the judge shall not sum up or comment on the testimony or charge the jury as to the weight of evidence, but at the request of either party, he shall instruct the jury upon the principles of law applicable to the case, the court could not, on its own motion, tell the jury that the damages should be diminished in proportion to the contributory negligence.

APPEAL from the circuit court of Jones county.

HON. P. B. JOHNSON, Judge.

Suit by Benton Nix, a minor, by his next friend, E. C. Nix, against the Lindsey Wagon Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Flowers, Brown & Davis* and *Deavours & Sharbrough,* for appellant.

*Neville & Stone* and *Whitfield & Whitfield,* for appellee.

REED, J., delivered the opinion of the court.

Benton Nix, a youth some nineteen years of age, an employee of the Lindsey Wagon Company, while engaged in the operation of an edger saw in the company's factory, had his left arm caught in the saw and badly cut and mangled, so that it became' necessary for the arm to be amputated between the wrist and the elbow. The jury awarded him damages in the sum of six thousand dollars.

The evidence is sufficient to sustain the jury's verdict, and we therefore find no ground for reversal in the following assignments of error made by appellant: (1) Because the court overruled appellant's motion made upon the conclusion of the testimony for the plaintiff, to exclude the testimony and direct a verdict in its favor; (2) because the court refused to grant a peremptory instruction for the defendant after all of the evidence had been introduced.

We see no force in the complaint by appellant that the court committed error in granting, modifying, and refusing certain instructions.

We will make reference only to the argument of appellant's counsel that the court erred in granting the fifth instruction for the plaintiff. That instruction reads as follows:

"The court instructs the jury for the plaintiff, Nix, that if they find for the plaintiff they should find a verdict for such an amount as in their judgment the evidence in the case warrants; and in fixing the amount the jury should take into consideration the physical pain and mental anguish which plaintiff suffered as a result of his injury, if they believe from the evidence he suffered such pain and anguish."

The objection by appellant seems to be directed specially to that part of the instruction which tells the jury that "they should find a verdict in such amount as in their judgment the evidence in the case warrants." It is claimed by counsel that by this instruction no guide is given the jury, and that any amount the jury, according to their individual standards, might find warranted by the evidence, could be awarded; that they were directed to award full compensation to the plaintiff.

We see no error in this instruction. It simply tells the jury that they can award damages in such amount as the evidence warrants—this means the whole evidence that for the plaintiff and that for the defendant; in deciding on the amount of their verdict they must consider all of the proof, and all that may be included therein in the way of claims of liability and of defense.

But counsel for appellant maintain that the instruction is defective, because it fails to state that damages to be awarded appellee should be diminished in proportion to the amount of negligence attributable to him. They claim that, since the enactment of the concurrent negligence law (chapter 135 of the Laws of Mississippi of 1910), the court, when giving an instruction touching the amount of damages to be awarded for personal injuries, is required to tell the jury that such damages should be diminished by the contributory negligence of the person suffering the injury.

It appears to be counsel's argument that the trial judge must, *sua sponte,* give this information in an instruction. This might be the case in other jurisdictions, but it is not so in Mississippi. The circuit judge is denied the power of originating independent instructions. He cannot instruct the jury upon the principles of law applicable to the case in any respect, except upon the request of one of the parties. Section 793, Code 1906.

We do not find in the record in this case that any such request was made to the trial judge. No instruction in writing was offered by either party presenting the defense of contributory negligence. Such defense was not excluded in the instructions given. In fixing "the amount as in their judgment the evidence in the case warrants," they could make due allowance for contributory negligence.

The court is expressly forbidden by the statute to instruct the jury at its own instance; therefore the failure of the court to do that which it is forbidden to do by the statute cannot be assigned as error. *Dixon* v. *State,* 64 So. 468.

Under the law in this state regarding instructions, when it is desired that the jury be told of the statutory law that contributory negligence will operate to diminish damages, the party so desiring that information on the subject be given to the jury must present to the trial judge proper instructions in writing containing such information.

*Affirmed.*