# DAVENPORT *v.* STATE.

[83 South. 738, In Banc. No. 21100.]

1. CRIMINAL LAW. *Competency of evidence not objected to will not be reviewed.*

   The supreme court will not pass upon the competency of evidence introduced in the lower court without objection.

2. CRIMINAL LAW. *Improper instructions shown to have influenced verdict of jury.*

   Testimony of jurors on motion for new trial, not objected to, is held by the court in this case to have influenced the verdict of the jury.

3. CRIMINAL LAW. *Giving of unrequested instructions.*
   Under section 793, Code 1906 (Hemingway's Code, section 577) so providing, the trial judge is forbidden to give an instruction not requested by either party.

4. CRIMINAL LAW. *Giving of instruction after argument has begun.*
   It is error for the trial judge to give an instruction after the argument to the jury has begun.

APPEAL from the circuit court of Tishomingo county. HON. C. P. LONG, judge.

N. C. Davenport was convicted of unlawfuly selling intoxicating liquors and appeals.

The facts are fully stated in the opinion of the court.

*Bennett & Clark,* for appellant.

Section 793, Code of 1906, says the Judge in any cause, civil or criminal, shall not sum up or comment on the testimony or charge the jury as to the weight of evidence, but at the request of either party, he shall instruct the jury upon the principles of law applicable to the case.

In the case of *Montgomery* v. *The State,* 85 Miss. 330, 38 So. 335, the supreme court in passing on, and construing said section of the code referred to and the facts of which were as follows: The record history of this instruction shows that it was had of the court by counsel for the state during the argument for the defendant, whose counsel were in entire ignorance of it, and that it was for the first time, produced by the counsel for the state in his closing argument to the jury, telling them that he had gotten instructions from the court to answer the argument of counsel for the defense, who immediately objected and excepted to this practice. The court remained, silent. It is true that the state's attorney then said "counsel may answer the instruction now."

This proceeding was not good practice, and not cured by the remark of the state's attorney, action on which might have required the re-shaping of the whole argument. The court may grant instructions any time before the jury retires, but not secretly. Other counsel interested should know of it, even though they have to be stopped in arguing.

The court says further in the opinion that the correct practice under our system is for the court to pass on all instructions asked on both sides before the argument of the jury begins. The court in its opinion says further that a court should so deport itself as, that no juror or bystander can surmise its view of the facts. It is an unbiased jury alone which should pass on the facts, and this on the theory of the law, in Mississippi, is designed for the protection of innocence which is presumed of all men, until disproved in the legal mode on a fair and impartial administration of equal and exact justice.

In the case of *James* v. *The State,* 63 So. 669, the supreme court says: "Under the system of judicial procedure in Mississippi, it is not in the province of the judge to give instructions to the jury, unless one of the parties request him to do so and present to him in writing, the desired instructions. He is not permitted to instruct the jury at his own instance." In the case of *Johnson* v. *The State,* 63 So. 338, the court lays down the same proposition as laid down in the case of *James* v. *The State,* above cited.

In the case of *Dixon* v. *State,* 64 So. 468, the court says: "No instruction was asked by either the state or the defendant requesting the court to define the crime of murder, and therefore, under section 793, of the Code, it was without authority to so instruct," and the court further says, in this opinion, that "if there is any merit in appellant's third objection, it would be that section 793, of the Code should be repealed."

The following cases, hold that the judge has no authority of his own motion and without request from either party to instruct the jury, and that if he does so, it is reversible error, and violative of the provisions of section 793 of the Code of 1906. *Pringle* v. *State,* 108 Miss. 802; *Watkins* v. *State,* 60 Miss. 323; *Boykin* v. *State,* 86 Miss. 481.

But without these authorities above cited relative to the power of a judge to instruct the jury, the said section 793 of the Code speaks for itself. And that is, at the request of either party, he shall instruct the jury upon the principles of law, applicable to the case, and that all instructions asked by either party must be in writing, and all alterations and modifications of instructions given by the court, or refused shall be in writing. Showing that the court can only modify or alter instructions as requested. The court's explanation as to his reason for giving the instruction does not cure the defect or change the law as laid down. And even if counsel for the defendant had argued to the jury as set forth in the court's reasons for giving that instruction, that does not give the court the right to do what he did in this case.

The district attorney is the party who represents the state and it is his duty to request instructions for the state and should the district attorney even fail to do his, that doesn't give the court the right and the·power to instruct the jury.

We respectfully submit, that if this case is affirmed on the record above that this court will reverse all its former holdings and absolutely repeal section 793 of the Code of 1906.

We respectfully submit that this case should be reversed and remanded.

*T. M. Currie,* Assistant Attorney-General for the state.

The appellant was convicted by the jury and after his conviction some of the jurors who tried the case were examined on a motion to set the verdict aside and have a new trial, and testified that they did not know whether they would have voted for a verdict of guilty without the instruction, saying that it was doubtful if they would have done so.

The action of the court in granting this instruction *sua sponte* is the vital error assigned.

The state regrets that it is unable to bring itself to the conclusion that this action of the court was not error. The matter of the granting of instructions seems to be absolutely fixed in our statute. The record and the case are respectfully submitted.

Etheridge, J., delivered the opinion of the court.

The appellant was indicted in a justice of the peace court for unlawfully selling vinous, malt, spirituous, alcoholic, and intoxicating liquors. The date of the offense was charged in the affidavit to be the 8th day of February, 1919. There was a conviction in the justice court and an appeal taken to the circuit court, where appellant was again tried and convicted and sentenced to pay a fine of one hundred dollars and serve sixty days in jail, fifty dollars of the fine to be suspended during good behavior. During the first part of the trial the state adhered to one sale, but during the course of the trial introduced evidence of other sales. There was only one witness to testify to the sale, and this witness got confused as to the dates, and testified to two different dates. The district attorney contented himself with one charge, which read:

"The court charges the jury for the state that if you believe from the evidence beyond a reasonable doubt that the defendant sold Bud Estes liquor as charged in the affidavit, then you will find him guilty as charged."

The defendant asked two charges, reading as follows:

"The court charges the jury for the defendant, that the state must prove to the satisfaction of the jury beyond a reasonable doubt that the defendant sold the liquor as alleged in the affidavit and unless so proven it is your duty to find defendant not guilty."

"The court charges the jury for the defendant that the state of Mississippi must prove the guilt of the defendant beyond every reasonable doubt, and, unless the state proves every material allegation in the affidavit, it is your duty to find the defendant not guilty."

The alleged sale to Estes was proved by one witness, and the defendant denied making such sale, and the case was submitted on the above instructions and argued to the jury by attorneys on each side. At the close of the argument in this case and before the jury retired, the court, of its own motion, wrote out a charge for the state and handed it to the district attorney, charging the jury that—

"If you believe from the evidence beyond a reasonable doubt that the defendant sold the witness Estes whiskey at any time within two years before the date of the making of the affidavit, then it was the duty of the jury to find him guilty as charged."

The court states in the record: "The reason the court did this of its own motion was because counsel for the defendant in his argument argued to the jury that under the instructions of the court the sale had to be made to this witness on the 8th day of February, the date charged in the affidavit, and that, although the jury might believe the sale took place at any other time than that, the jury would be compelled to turn the defendant loose. The jury having retired before this

charge was given to be read to them, they were brought back and the charge read to them, and counsel for the defendant was then given an opportunity to reargue the case if they desired."

This was objected to and exception taken. On motion for a new trial two jurors were introduced with reference to the effect the giving of this instruction had upon them with reference to the verdict. The first juror in answer to a question as to the court's giving the instruction and what effect it had on the verdict said:

"A. As well as I remember, we were called back. Q. What was then done? A. That changed my mind on it some.

"Q. Without that instruction of the court granted of its own motion, would you have been for conviction? A. I don't think I would. One swore he did, and one swore he didn't. .

"By the Court: Q. Do you mean to say you went out and convicted this man without any evidence because the court gave you an instruction as to what the law was? A. No, sir; because it was mixed, two cases."

Another juror was asked:

"Q. Do you remember whether or not after this case had been submitted to the jury and argued by counsel for both the state and the defendant that the court of its own motion and without request granted an instruction to the jury? A. Yes, sir.

"Q. What effect, if any, did that instruction have on you with reference to returning your verdict in this case? A. The instruction he gave, I was unsettled on it because they had come up and disputed on the sale of the whiskey, I didn't know which one of them to stand on, whether either one of them or not, and after he gave that charge, deciding any time in two years, I agreed for the verdict to be guilty.

"Q. But for that charge would you have been for a verdict of guilty? A. No, sir; I think not."

This evidence was introduced without objection, and we are not called to pass upon its competency, but it shows what might reasonably be presumed without evidence, that the instruction had an influence upon the verdict of the jury unfavorable to the defendant. The giving of the instruction above set out was erroneous for two reasons: First, because section 793, Code of 1906 (section 577, Hemingway's Code), as construed by the previous decisions of this court, forbids the judge giving an instruction not requested by either party. *James* v. *State,* 106 Miss. 353, 63 So. 669; *Johnson* v. *State,* 106 Miss. 94, 63 So. 338; *Dixon* v. *State,* 106 Miss. 697, 64 So. 468; *Pringle* v. *State,* 108 Miss. 802, 67 So. 455; *Watkins* v. *State,* 60 Miss. 323; *Boykin* v. *State,* 86 Miss. 481, 38 So. 725. In the second place, the practice of giving instructions after the argument has begun has been condemned by this court in several cases. *Montgomery* v. *State,* 85 Miss. 330, 37 So. 835; *King* v. *State,* 83 So. 164; *Boykin* v. *State,* 86 Miss. 481, 38 So. 725.

For the errors indicated, the judgment is reversed, and the case remanded.

*Reversed and remanded.*