GARDNER *et al. v.* COMER.*

(Division A. Oct. 1, 1928.)

[118 So. 300. No. 27278.]

*Corpus Juris-Cyc References: Motor Vehicles, 42CJ, p. 1276, n. 15; p. 1288, n. 28.

*Friday & Windham,* for appellants.

*J. A. Cunningham,* for appellee.

Cook, J. The appellee, Henry Comer, instituted suit in the circuit court of Prentiss county against the appellants, seeking to recover damages for alleged personal injuries, and damage to his automobile resulting from a collision between the automobile of the appellants and appellee on a public highway, and, from a verdict of two hundred sixty-three dollars and seventy-five cents the amount of the alleged damage to appellee's automobile, this appeal was prosecuted.

The testimony is in sharp conflict. The appellee testified that he was traveling west at a rate of speed not exceeding eight miles per hour; that just as he was passing off a bridge at a point where the roadway was narrow, and while his car was as far to the right of the center of the road as was possible to place it, the appellants while traveling east at a rate of speed of about forty-five miles per hour, undertook to pass him, and that in so doing the hub of the left rear wheel of appellants' car struck the hub of the left front wheel of appellee's car, causing his car to swerve to the left of the road and run into a telephone pole south of the highway,

thereby seriously injuring the appellee and damaging his automobile.

The appellants testified that the collision occurred at a point more than twenty-five feet east of the bridge, at a place where the roadbed was eighteen or twenty feet wide; that appellants were driving to the right of the center of the road; that appellee was swerving from one side of the road to the other, and ran into appellants' car; that both the appellants and the appellee were traveling at about twenty miles per hour; and that, if appellee had had his car under proper control, he could have passed without interference.

The appellants assign as error an instruction granted to the appellee, which reads as follows:

"The court charges the jury for the plaintiff that, if you believe from a preponderance of the evidence that the defendants met and undertook to pass the plaintiff on the public highway at a greater rate of speed than eight miles an hour, and that such rate of speed in excess of eight miles an hour caused or contributed to the accident complained of by the plaintiff, then it is your sworn duty under the law to find for the plaintiff.''

We think it was reversible error to grant this instruction. Section 6681, Hemingway's 1927 Code, prohibits any one driving a motor vehicle from passing a person driving a horse or horses, or other domestic animals, or person walking in the roadway of a highway, or from passing a public school during school hours, or a place of public worship on the Sabbath day, at a greater rate of speed than eight miles an hour; but there is no statute limiting the rate of motor vehicles to eigh miles per hour at other places on a highway. The appellants admit that they were driving at a greater rate of speed than eight miles per hour, but that fact alone does not constitute negligence, if they were operating their automobile to the right of the center of the road so as to permit other

persons traveling in the opposite direction to pass without interference.

The appellants also complained of the granting of two instructions telling the jury, in effect, that, if they found for the plaintiff, they should award such sum as damages as would in their judgment from the evidence reasonably compensate the plaintiff for the personal injuries sustained and the damages done to his automobile. Counsel for the appellants contend that these instructions required the award of full damages and excluded the defenses of contributory negligence and the right of the jury to diminish the damages in proportion to the amount of negligence attributable to the appellee. In the case of *Lindsey Wagon Co.* v. *Nix*, 108 Miss. 814, 67 So. 459, the court held that an instruction authorizing the jury to award such damage as the evidence warrants did not exclude the defense of contributory negligence, and further that, if the defendant desired to invoke the defense of contributory negligence and the statutory right to have the damage diminished in proportion to the negligence attributable to the plaintiff, he must request instructions embodying such statutory provisions. In the case at bar the defendants did not request such instruction, and they cannot now complain of any failure of the jury to so diminish the damages awarded.

For the error above indicated, the judgment of the court below will be reversed, and the cause remanded.

*Reversed and remanded.*