OUILLE *v.* SALIBA

No. 42542          February 4, 1963          149 So. 2d 468

*M. M. Roberts,* Hattiesburg, for appellant.

*Holmes & Dukes,* Heidelberg, *Sutherland & McKenzie,* Hattiesburg, for appellee.

GILLESPIE, J.

Appellee, plaintiff below, sued appellant, defendant below, for $30,000 damages for personal injuries sustained in an intersection automobile accident. Defendant below filed a counterclaim for $3,000 damages. Judgment was entered for appellee on jury verdict for $15,000. Defendant appealed.

The evidence justified the verdict in favor of appellee, and there was no reversible error in the admission of the testimony. It would serve no useful purpose to state the facts. In our view, the jury reached the correct result.

(Hn 1) The only assignment of error justifying discussion involves the instructions for appellee. These instructions told the jury that if it found for plaintiff it should take into consideration all damages sustained by plaintiff, including full and reasonable damages for physical pain and mental anguish. Appellant contends that it was error to instruct the jury to award full damages to appellee in view of the counterclaim filed by appellant.

The statute authorizing counterclaim is Sec. 1483.5, Miss. Code 1942, and the pertinent part is as follows:

"If it appears at the trial that the demand of the defendant is valid and equals the demand of the plaintiff, the judgment shall be that the plaintiff take nothing by his writ and pay the costs of court. If it appears that the plaintiff's demand is valid and exceeds that of the defendant, the plaintiff shall have judgment for only that portion of his demand which exceeds the valid demand of the defendants, with costs of court, but if it appears that the demand of the defendant is valid, and exceeds the demand of the plaintiff, the defendant shall have judgment for the amount by which his claim exceeds the claim of the plaintiff, with costs of court."

Appellant did not request any instructions in accordance with the counterclaim statute except one on the form of the verdict. It is argued, in effect, that when a defendant files a counterclaim the plaintiff must request instructions in accordance with the above quoted part of the counterclaim statute. This is not the law. (Hn 2) If appellant desired instructions on her counterclaim, she should have requested them. (Hn 3) The judge

cannot instruct the jury on his own motion. Sec. 1530, Miss. Code 1942.

Sec. 1454, Miss. Code 1942, is the contributory negligence statute and requires the jury to diminish plaintiff's damages in proportion to the amount of negligence attributable to the plaintiff. This Court has consistently held that it is not error for the plaintiff to be given instructions without telling the jury that damages should be diminished in accordance with the contributory negligence statute. The Court has held that the judge cannot instruct the jury, and **(Hn 4)** it is the duty of the defendant to request instructions in accordance with the contributory negligence statute if defendant desires such information be given the jury. Lindsey Wagon Co. v. Nix, 108 Miss. 814, 67 So. 459; Morrell Packing Co. v. Branning, 155 Miss. 376, 124 So. 356; Avent v. Tucker, 188 Miss. 207, 194 So. 596; Vol. 2, Alexander, Miss. Jury Instructions, Sec. 3498.

The situation involving the comparative negligence statute is closely analogous to that involved in the counterclaim statute. Since appellant did not request an instruction in accordance with the quoted part of the counterclaim statute, she cannot complain that the jury was not properly instructed. There was no duty on the part of the appellee to request such instruction.

We find no reversible error and the case is affirmed.

Affirmed.

*Lee, P. J.,* and Arrington, Ethridge and McElroy, JJ., concur.