956 So.2d 1008 (2007)
Robert Earl ELLIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KP-01426-COA.
Court of Appeals of Mississippi.
February 27, 2007.
Rehearing Denied May 29, 2007.
*1010 Robert Earl Ellis, Appellant, pro se.
Office of the Attorney General by Deirdre McCrory, attorney for appellee.
Before MYERS, P.J., CHANDLER and ROBERTS, JJ.
MYERS, P.J., for the Court.
¶ 1. Robert Earl Ellis appeals his May 20, 2005 conviction of aggravated assault in the Circuit Court of Holmes County. The jury returned a guilty verdict against Ellis, finding that on April 10, 2004, Ellis shot his own brother during an argument over rights to the real property of their deceased mother. The trial judge sentenced Ellis to a term of twenty years in the custody of the Mississippi Department of Corrections, with the last five years to be served under post-release supervision. Ellis appeals, raising the following five issues:
I. WHETHER ELLIS WAS THE VICTIM OF A CONSPIRACY TO ILLEGALLY ACCUSE AND CONVICT HIM OF AGGRAVATED ASSAULT?
II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO PROVIDE THE JURY WITH ELLIS' "SINGLE JUROR" INSTRUCTION D-2, "PRESUMPTION OF INNOCENCE AND STATE'S BURDEN OF PROOF" INSTRUCTION D-9, "ELEMENTS OF THE OFFENSE" INSTRUCTION *1011 D-11, AND "ACCIDENT" INSTRUCTION D-12?
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO PROVIDE THE JURY WITH AN INSTRUCTION ON ANY OF THE LESSER-INCLUDED OFFENSES TO THE CRIME OF AGGRAVATED ASSAULT?
IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO PROVIDE THE JURY WITH A SELF-DEFENSE INSTRUCTION?
V. WHETHER ELLIS RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 2. Finding no error, we affirm the ruling of the trial court.

STATEMENT OF THE FACTS
¶ 3. On April 10, 2004, an argument ensued between Robert Earl Ellis and his brother, Mossolina Ellis, over whether Robert could construct a home on a parcel of property located at 443 Longcreek Road in Holmes County, Mississippi. The property in dispute had been the home place of their mother, Ethel Lee Ellis, prior to her death in 2001. Robert and his stepson, Elton D. Jackson, had run water lines and were preparing to lay foundation blocks on the property, when Mossolina was informed by his and Robert's nephew, Calvin Young, Jr., that Robert was building a home on the property. Mossolina, who lives approximately one quarter of a mile down Longcreek Road, approached Robert, and told him that he had no right to build on that section of the property because their mother had willed that section to their brother Tim. At the time, Ethel Lee Ellis' will had not been probated. Robert insisted that he had every right to build his home on that section of the property, and the argument grew increasingly heated. During the course of the argument, Robert pulled a 30/30 rifle from his truck and fired two shots at the ground between Mossolina and Calvin. When Robert attempted to fire a third shot, the rifle jammed, and Calvin ran home to call the police. According to Mossolina, Robert then said, "I'll take care of you," and pulled a .22 caliber rifle from his truck. Mossolina testified that as he retreated home, Robert leaned across the hood of his truck, took aim, and fired one shot striking Mossolina in the head. Mossolina's injuries were nonfatal, but he has suffered some partial permanent disability as a result of his wound.
¶ 4. At trial, both Mossolina and Calvin testified to the facts as stated above. Neither Robert nor his stepson testified, and there were no other eyewitnesses to rebut the testimony offered by Calvin and Mossolina. The jury returned a guilty verdict on the charge of aggravated assault, and from this disposition, Robert Earl Ellis now appeals.

LEGAL ANALYSIS
I. WHETHER ELLIS WAS THE VICTIM OF A CONSPIRACY TO ILLEGALLY ACCUSE AND CONVICT HIM OF AGGRAVATED ASSAULT?
¶ 5. Ellis argues that his prosecution and conviction were the product of a conspiracy entered into among law enforcement officers, the prosecution, the prosecution's witnesses, his own appointed defense counsel, and the trial judge to "illegally accuse, try, and convict" him. However, after a thorough review of the record, we find not a scintilla of evidence to support this accusation. All of the evidence introduced at trial supports both the validity of the charge against Ellis and his conviction. This issue is without merit.
*1012 II. WHETHER THE TRIAL COURT ERRED IN REFUSING TO PROVIDE THE JURY WITH ELLIS' "SINGLE JUROR" INSTRUCTION D-2, "PRESUMPTION OF INNOCENCE AND STATE'S BURDEN OF PROOF" INSTRUCTION D-9, "ELEMENTS OF THE OFFENSE" INSTRUCTION D-11, AND "ACCIDENT" INSTRUCTION D-12?
¶ 6. Ellis' second assignment of error is that the trial court erred in refusing to provide the jury with his proposed "single juror" instruction D-2, "presumption of innocence and State's burden of proof" instruction D-9, "elements of the offense" instruction D-11, and "accident" instruction D-12. During a conference on the jury instructions, the State objected to proposed instructions D-2, D-9, D-11, and D-12, and the trial court ruled that the subject matter of proposed instructions D-2, D-9, and D-11 was fairly covered in other instructions provided to the jury, and that proposed instruction D-12 lacked any foundation in the evidence. Our standard of review for determining whether error lies in the refusal of the circuit court to grant a particular instruction, requires that the instructions actually given be read as a whole. Johnson v. State, 823 So.2d 582, 584(¶ 4) (Miss.Ct.App.2002). If the instructions, when read as a whole, fairly announce the law of the case and create no injustice, no reversible error will be found. Id. Further, no one instruction is to be taken out of context. Poole v. State, 826 So.2d 1222, 1230(¶ 27) (Miss.2002). A defendant is entitled to have jury instructions given which present his theory of the case; however, this entitlement is limited in that the court may refuse an instruction which incorrectly states the law, is covered fairly elsewhere in the instructions, or is without foundation in the evidence. Id.
1. "Single Juror" Instruction
¶ 7. Proposed instruction D-2 is commonly known as a "single juror" instruction. The instruction reminds the jury that in order to convict the defendant each juror must find the defendant guilty beyond a reasonable doubt and not yield his or her own convictions to other jurors with whom they disagree. The trial judge denied proposed instruction D-2 because she found the content therein to be fairly covered in instruction C-CR-1, which was provided to the jury. Paragraph six of instruction C-CR-1 states:
The verdict must represent the thoughtful judgment of each juror and must not be arrived at by drawing lots or by some other means of chance. Your duty is to consult with one another and to deliberate, while keeping in mind that your goal is to reach a verdict, if you can do so without abandoning your individual judgment. Each of you must decide this case for yourself. But do so only after thoughtfully considering all the evidence with your fellow jurors. In the course of you[r] deliberations, do not hesitate to reexamine your own views and to change your opinion if you become convinced it is wrong. But, do not surrender your hones[t] convictions regarding the credibility or weight of the evidence solely because of the opinion of your fellow jurors or merely for the purpose of returning a verdict.
We find the content of proposed jury instruction D-2 to be fairly covered in instruction C-CR-1, and affirm the circuit court's denial of the instruction as redundant.
2. "Presumption of Innocence and State's Burden of Proof" Instruction
¶ 8. Proposed instruction D-9 states that "the law presumes everyone charged with the commission of a crime to be innocent," and that the State has the *1013 burden of proving every element of the crime charged beyond a reasonable doubt. The trial judge denied proposed instruction D-9 because she found the content therein to be fairly covered by instruction D-4, which was also provided to the jury. Instruction D-4 states in paragraph one: "In fact, the law presumes every person charged with the commission of a crime to be innocent . . .;" paragraph two provides: "The burden of proving the Defendant guilty of every element of the crime is upon the State of Mississippi." We find the content of proposed jury instruction D-9 to be fairly covered in instruction D-4, and affirm the circuit court's denial of the instruction as redundant.
3. Elements of the Offense Instruction
¶ 9. Proposed instruction D-11 states the elements of aggravated assault as they pertain to the facts of the instant case. The trial judge denied proposed jury instruction D-11 because she found the elements of the crime charged to be fairly covered in instruction S-1, which was provided to the jury. Our review of the two instructions reveals that they are almost identically worded. However, instruction S-1 more accurately states the elements of aggravated assault in that, the definition of aggravated assault provided in proposed instruction D-11 omits the words "unlawfully," "willfully," and "feloniously." We find the content of proposed jury instruction D-11 to be fairly covered in instruction S-1, and affirm the circuit court's denial of the instruction as redundant. Furthermore, we find instruction S-1 to be a more accurate statement of the law and affirm the circuit court's denial of proposed instruction D-11 on this additional ground.
4. Accident Instruction
¶ 10. Proposed instruction D-12 is essentially an instruction regarding the defense of accident and states:
The Court instructs the jury that if there is a reasonable doubt arising out of the evidence or lack of evidence that on the occasion of the shooting of Mossolina Ellis that Robert Ellis did not intend to, and was not attempting to, injure said victim or to do him any great bodily harm during an accidental and unintentional discharging of the gun which struck and injured [the] victim, then you must find the defendant, ROBERT ELLIS, not guilty.
(emphasis added). During the conference on jury instructions, the State objected to this instruction on the ground that it lacked any evidentiary foundation. Specifically, the uncontroverted evidence was that Ellis intentionally discharged the rifle in the direction of his brother Mossolina, and there was no evidence that he did so accidentally. On appeal, Ellis argues that although he intended to fire the weapon, he did not intend to strike Mossolina; therefore, he should have been afforded an instruction on the defense of accident. However, our supreme court has clearly held that "an intentional act cannot fit the doctrine of accident or misfortune." Triplett v. State, 666 So.2d 1356, 1362 (Miss. 1995). Accordingly, we find Ellis' argument unpersuasive, and affirm the circuit court's denial of instruction D-12 as lacking any foundation in the evidence.
III. WHETHER THE TRIAL COURT ERRED IN FAILING TO PROVIDE THE JURY WITH AN INSTRUCTION ON ANY OF THE LESSER-INCLUDED OFFENSES TO THE CRIME OF AGGRAVATED ASSAULT?
¶ 11. Ellis' third assignment of error is that the circuit court erred in failing to instruct the jury on the lesser-included offenses of simple assault under Mississippi *1014 Code Annotated section 97-3-7(1) (Rev. 2006), simple domestic violence under Mississippi Code Annotated section 97-3-7(3) (Rev.2006), and aggravated domestic violence under Mississippi Code Annotated section 97-3-7(4) (Rev.2006). However, the record reveals that no such instruction was submitted for consideration by the circuit court. The law is well-settled that "error cannot be predicated on failure of the court to give an instruction that was not requested." Blocker v. State, 809 So.2d 640, 646(¶ 23) (Miss.2002) (quoting Lindsey Wagon Co. v. Nix, 108 Miss. 814, 67 So. 459 (1915)). Accordingly, we find this assignment of error to be without merit.
IV. WHETHER THE TRIAL COURT ERRED IN FAILING TO PROVIDE THE JURY WITH A SELF-DEFENSE INSTRUCTION?
¶ 12. Ellis next argues that the circuit court erred in failing to provide the jury with a self-defense instruction. However, our review of the instructions provided to the jury reveals that the judge provided the jury with three separate instructions pertaining to self-defense. Those instructions follow:
Instruction S-3: The Court instructs the jury that in order to justify an Aggravated Assault on the plea of self-defense in this case, there must be something shown in the conduct of Mesolonghi [sic] Ellis, the victim, at or about the time of his assault, indicating a present intention to kill ROBERT ELLIS, or to do him some great personal injury, and imminent danger of such intention being accomplished. Mere fears or beliefs of ROBERT ELLIS are insufficient. The danger to ROBERT ELLIS from Mesolonghi [sic] Ellis must have been such as to lead a reasonable person under similar circumstances to reasonably believe that some infliction of serious bodily harm or killing was necessary to prevent Mesolonghi [sic] Ellis from then and there killing ROBERT ELLIS or doing him some great bodily harm.
Instruction S-2: The Court instructs the jury that one who claims self-defense as a defense to his actions may not use excessive force to repel the attack, but may only use such force as is reasonably necessary under the circumstances. If you find from the evidence, beyond a reasonable doubt, that the Defendant, ROBERT ELLIS, caused bodily injury to Mesolonghi [sic] Ellis by shooting him and that said shooting was a use of more force than was reasonably necessary under the circumstances of this case, then the defense of self-defense would not apply to this case.
Instruction D-1: The Court instructs the jury that Robert Ellis is not required to prove that he acted in self-defense, but need only raise a reasonable doubt of his guilt of the charge of aggravated assault. Further, the State is required to prove beyond a reasonable doubt, that Robert Ellis did not act in self-defense before a guilty verdict may be returned. Therefore, if reasonable doubt of Robert Ellis' guilt arises from the evidence, including evidence of self-defense, your verdict shall be not guilty.
We hold that the instructions provided to the jury adequately apprised the jurors of both the law as it pertains to self-defense and that Ellis was entitled to this defense if the evidence supported such a claim. We find that this issue is also without merit.
V. WHETHER ELLIS RECEIVED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE OF COUNSEL?
¶ 13. Ellis asserts ineffective assistance of counsel on the basis of a bald allegation, *1015 first raised on appeal, that his appointed counsel refused to allow either him or his stepson, Elton D. Jackson, to testify as witnesses at trial. Ellis claims that his counsel's refusal to allow him to testify on his own behalf or to call his stepson to testify as to the events in question was a violation of his constitutional right to call witnesses "material and favorable to the defense." Ellis argues that his counsel's performance was thereby defective and prejudicial to his case.
¶ 14. Claims of ineffective assistance of counsel are reviewed by using the familiar two-pronged test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In order to prevail on a claim of ineffective assistance of counsel, Ellis has the burden of proof to show by a preponderance of the evidence that (1) the performance of his counsel was deficient, and (2) but for the deficiencies, the outcome would have been different. Ward v. State, 914 So.2d 332, 336(¶ 12) (Miss.Ct.App.2005). Further, "the adequacy of counsel's performance, as to its deficiency and prejudicial effect, should be measured by a `totality of the circumstances.'" Taylor v. State, 682 So.2d 359, 363 (Miss.1996). In addition, "there is a strong but rebuttable presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id.
¶ 15. Decisions of counsel to call or not to call certain witnesses fall within the ambit of trial strategy and are presumed reasonable. Michael v. State, 918 So.2d 798, 805(¶ 13) (Miss.Ct.App. 2005). Furthermore, regardless of counsel's insufficiencies, "having a trial strategy negates an ineffective assistance of counsel claim. . . ." Id. Second, our appellate review is limited to the record. In re Hampton, 919 So.2d 949, 956(¶ 23) (Miss. 2006). "We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere [the appellant] may be in those assertions." Id. (citing Mason v. State, 440 So.2d 318, 319 (Miss.1983)). "Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them." Id.
¶ 16. After review of the record in this case, we find nothing to indicate that the failure to call Ellis' stepson was anything other than trial strategy, and we find counsel's decision reasonable under the totality of circumstances provided by this case. As to Ellis' claim that he was denied his constitutional right to testify on his own behalf, we find that the trial court advised Ellis as follows:
By the Court: This court wants you to understand you have a right to testify or not testify in this trial. You, along with your attorneys, must make that decision whether or not you want to take the stand and testify. Although you will consult with your attorneys, the decision has to be yours whether or not you will testify. And if you decided that you did not want to testify, this Court will instruct the jury that they could not hold the fact that you did not testify against you. Do you understand?
Robert Ellis: "Yes, ma'am, I do."
¶ 17. We hold that the circuit judge clearly advised Ellis of his right to testify and that Ellis understood that the decision to testify or not to testify was ultimately his. Ellis never indicated to the trial court that he wished to testify on his own behalf and there is no evidence in the record to support that he wished to do so. Accordingly, Ellis' ineffective assistance of counsel claim is without merit.

*1016 CONCLUSION
¶ 18. Our review of the record in this case demonstrates that Ellis was properly charged and convicted of the crime of aggravated assault, and that there is simply no evidence of any conspiracy against him. The circuit judge's denial of proposed instructions D-2, D-9, D-11, and D-12 was proper. No instruction on any of the lesser included offenses was submitted to the trial court for consideration. The jury instructions provided to the jury contained a thorough breakdown on the law of self-defense and the availability of that defense to Ellis, should the facts so provide. Finally, the record is devoid of any proof that Ellis' counsel provided constitutionally ineffective assistance. Accordingly, this Court finds each issue raised by the appellant to be manifestly without merit, and we affirm the decision of the circuit court.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF HOLMES COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH THE LAST FIVE YEARS TO BE SERVED ON POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HOLMES COUNTY.
KING, C.J., LEE, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.