## BOB WATKINS *v*. THE STATE.

1. INSTRUCTIONS. *Judicial power. Evasion of restriction.*
   Under Code 1880, sect. 1740, a circuit judge is denied the power of originating independent instructions not called for, or rendered necessary by those requested by counsel, and he cannot evade this in a criminal case by handing the charge to the district attorney, who returns it requesting that it be given which the judge does.

2. LARCENY. *Breach of trust. Inapplicable charge.*
   Selling property which the seller knows does not belong to him, and appropriating the proceeds to his own use is not necessarily larceny, to constitute which a felonious taking is essential; and it is erroneous to give such a charge if the accused claims that he sold all the property, believing it was not his but that of his wife.

APPEAL from the Circuit Court of Clay County.

Hon. J. W. BUCHANAN, Judge.

This indictment for grand larceny charged the appellant with stealing a cow, the property of George Valerius Young; and the appellant pleaded not guilty. The material incidents of the trial are stated in the opinion of the court.

*F. S. White*, for the appellant.

1. To constitute larceny, not only the conversion but also the taking must be felonious. 2 East P. C. 694; 2 Arch. Crim. Pr. 1184. Thus, in case of borrowing and not returning a horse, the intent at the time of the borrowing is the criterion. *Gelf's Case*, 1 Bay, 242; *Wright's Case*, 5 Yerg. 154; *Blunt's Case*, 4 Leigh, 689. The second instruction given for the State must, therefore, cause a reversal. Upon the facts involved, the testimony was at least conflicting, for the accused claimed that the cow was his wife's, and he sold it as her property. *Josephine's Case*, 10 Geo. 613; *Taylor's Case*, 52 Miss. 85. But this court has gone further, and held that it will not affirm over and error of this kind if any possible view of the testimony would warrant an acquittal. *Fortinberry's Case*, 55 Miss. 403. One view is that his wife owned the cow.

2. The action of the court in writing the charge and handing it to the district attorney, who returned it to the court,

that gave it, was erroneous. The court cannot originate instructions. *Edmon's Case*, 47 Miss. 581; *Archer* v. *Sinclair*, 49 Miss. 343. This circumlocution did not make the charge less that of the court than it would have been if the judge had given it, without the intervention of the district attorney.

*F. S. White*, also made an oral argument.

*J. L. Harris*, for the State.

1. It may be remarked that the judge silently handed the charge to the prosecuting officer and this officer then requested that it be given. The court is, however, referred to the case of *DeJarnette* v. *The Commonwealth*, 2 Crim. L. Mag. 349.

2. It must be confessed that the second charge is erroneous. But the proof of guilt is clear. *Josephine* v. *The State*, 10 Geo. 613. The charge is also cured by others. *Mark's Case*, 8 Geo. 77; *Evan's Case*, 44 Miss. 731. The cases cited, and many others, announce the familiar rule that in such circumstances this court will not reverse.

*J. L. Harris*, made an oral argument also.

CHALMERS, J., delivered the opinion of the court.

The bill of exceptions recited that the presiding judge in the court below, of his own motion, prepared a written instruction which, in the presence of the jury and against the protests of the defendant, he handed to the district attorney and this officer at once passed it back to the judge with the request that it might be given in charge to the jury; which was forthwith done.

To this action of the judge, in thus volunteering instructions in the interest of the State the defendant excepted. Our statute (Code 1880, sect. 1740) permits the modification by the judge of the written instructions asked by either party, and this power of modification may undoubtedly be exercised as well by giving a wholly new instruction, supplementary and amendatory of those asked, pointing out the limitations

and qualifications on the doctrines announced, as by annexing the qualifying words to those asked.

We are not disposed to hamper and abridge the court in the exercise of this valuable power, nor to prescribe too strictly the shape which the modification must take ; but it is manifest from the language of the statute that the Legislature intended to deny the judge the power of originating independent instructions of its own motion, not called for or rendered necessary by those requested by counsel.

The instruction prepared by the judge in this case was not in modification or explanation of those asked on either side, and evidently was not so regarded by him, else he would not have resorted to the expedient of handing it to the representative of the State in order that a request might be preferred by that officer in connection with it:

Clearly that which the statute intends to forbid cannot be rendered admissible by so idle a ceremony as this. The judge having no right to prepare and give it of his own motion, did not acquire any by the course adopted.

The second instruction given for the State informed the jury that if the accused sold property which he knew did not belong to him, and appropriated the proceeds to his own use, they should find him guilty of larceny. This was erroneous in two aspects. It was not claimed that the accused thought that the animal alleged to be stolen belonged to him, but that he sold it under the belief that it was the property of his wife. Neither is it necessarily true that selling property which the seller knows does not belong to him, is larceny. Under some circumstances it might amount only to a breach of trust, and under others to obtaining money under false pretenses. A felonious taking is essential to larceny, and a sale might take place where there had been no such taking.

Reversed and new trial.