## D. R. DUNLAP *v.* JOHN P. RICHARDSON.

EVIDENCE. *Impeachment of one's own witness. Rule and exception.*

   A party may not discredit his own witness by proof of contradictory statements
   previously made, unless it be shown to the satisfaction of the court that he
   has been deceived by the fraud or artifice of such witness; and even then the
   foundation must first be laid for such evidence by calling the attention of the
   witness to the time, place, and persons before whom such supposed contra-
   dictory declarations were made, and affording him opportunity for explana-
   tion.

APPEAL from the Circuit Court of Noxubee County.

HON. W. M. ROGERS, Judge.

D. R. Dunlap recovered a judgment in attachment against
W. M. Connor. The writ of attachment was levied on a stock of
goods, which John P. Richardson claimed by an affidavit filed as
prescribed by the statute. On the trial of the claimant's issue,
Dunlap introduced Connor to testify in his behalf, who, in the
course of his evidence, swore that the purchase price paid by Rich-
ardson to him for the goods in controversy was three thousand five
hundred dollars. Dunlap then offered to introduce two witnesses,

Haynie and Bush, by whom he proposed to prove that Connor had stated, on the day before, that the purchase price was two thousand four hundred dollars. No predicate was laid for proving contradictory statements by calling Connor's attention to the time, place, and circumstances of the contradictory statements, and the plaintiff made no showing to the effect that he was surprised by Connor's testimony, except that, on the examination of the second witness offered to contradict Connor, "the plaintiff's attorney stated to the court, when the objection was sustained, that he was surprised by the testimony of witness Connor." The court, upon the objection of the claimant, excluded the evidence of conflicting statements made by Connor.

The verdict and judgment were in favor of Richardson, and Dunlap appealed to this court.

*T. J. O'Neill,* for the appellant.

The general rule that a party cannot contradict his witness is admitted, but the exception is as well established as the rule. "The weight of authority seems in favor of admitting the party to show that the evidence has taken him by surprise, and is contrary to the examination of the witness preparatory to the trial, or to what the party had reason to believe he would testify." 1 Greenleaf on Evidence, § 444.

This doctrine is recognized fully by this court in *Moore* v. *Chicago R. R. Co.,* 59 Miss. 243.

A gross fraud and swindle has been perpetrated upon the plaintiff, and by the improper action of the court, and the improper finding of the jury, plaintiff is about to lose his entire debt, and lose it on a state of facts that warrants his right to recover. I ask the intervention of this court, and a reversal and remanding of the case, that justice may be done.

*Calhoon & Green,* for the appellee.

Connor was Dunlap's own witness, and, by putting him on the stand as such, he precluded himself from the privilege of contradicting him in either of the three modes of impeachment allowed by law, unless he was entrapped and surprised by the statement; and there is no affidavit or tendered proof to show this in this case.

(To show such surprise, we think something more should be tendered than the mere statement of counsel.) 1 Greenleaf on Ev., §§ 442, 444 ; 1 Starkie on Ev., marg. p. 185 ; *Fairley* v. *Fairley*, 38 Miss. 280 ; *Jarnigan* v. *Fleming*, 43 Miss. 710 ; *Moore* v. *Chicago R. R. Co.*, 59 Miss. 248, cited against us, but not against us in fact, but for us.

These principles are well settled, and do not at all conflict with that other principle that a man may prove by witnesses, subsequently introduced, a different state of facts from that testified to by his witnesses previously introduced.

ARNOLD, J., delivered the opinion of the court.

The errors assigned cannot be maintained. There is evidence sufficient to support the verdict, and the court was not at fault in sustaining the objection made to the testimony offered by appellant to prove contradictory statements made by his own witness. In the absence of a statute authorizing it, a party is not allowed to discredit a witness voluntarily called by him by proof of contradictory statements previously made by the witness, unless it is shown by evidence to the satisfaction of the court that he has been deceived or misled by fraud or artifice practiced on him by the witness, and even then the foundation must first be laid for such evidence by calling the attention of the witness to the time, place, and persons before whom such supposed contradictory declarations were made, and affording the witness opportunity for explanation. 1 Greenlf. Ev., §§ 444, 462 ; 1 Whart. Ev., §§ 549, 555 ; *Moore* v. *Chicago, etc., R. R. Co.*, 59 Miss. 243.

*Affirmed.*