## BEVERLY JOHNSON *v.* STATE OF MISSISSIPPI.

CRIMINAL LAW. *Murder. Manslaughter. Instruction limiting verdict.*

If a conviction of manslaughter would be correct should the jury accept one view of the evidence, an instruction limiting the verdict to a conviction of murder or an acquittal is erroneous.

FROM the circuit court of Noxubee county.

HON. G. B. HUDDLESTON, Judge.

The appellant, Johnson, was indicted for the murder of one Jared Jordan. The instructions for the state, mentioned in the opinion of the court, are as follows:

" 1. If the jury believe, from the evidence, beyond all reasonable doubt, that the defendant, Beverly Johnson, shot and killed Jared Jordan with a pistol, and not in necessary self-defense, they should find the defendant guilty as charged.''

" 2. The jury are authorized, under the law, in all capital

cases, to fix the punishment at imprisonment in the state penitentiary for life, where they find the defendant guilty as charged, and, in the event they find the defendant guilty in this case, they may so fix his punishment; and if they so fix it, they should return the following verdict: ' We, the jury, find the defendant guilty as charged, and fix his punishment at imprisonment for life in the penitentiary.' If they return a verdict of guilty as charged, but fail to fix the punishment, it will be the duty of the court to sentence the defendant to be hanged. If, however, the jury agree upon the guilt of the defendant, but fail to agree upon the punishment, it is their duty, under the law, to return a verdict of guilty as charged."

The accused having been convicted of murder and sentenced to be hanged, appealed to the supreme court.

*W. B. Stewart,* for appellant.

*W. N. Nash,* attorney-general, for appellee.

WHITFIELD, J., delivered the opinion of the court.

A more unsatisfactory case, on the testimony, was, perhaps, never presented to an appellate tribunal. There was not a charge given on either side as to manslaughter, and yet, on the proof, we think there might have been properly a verdict of manslaughter. We do not mean to say that a verdict of murder would be improper, on the testimony, if there had been no error of law; but, since a verdict of manslaughter might also be upheld, it was, in the distressingly conflicting state of the evidence, to the last degree important that no error of law should have been committed. The third instruction for the state shut the jury up to a verdict of murder or nothing, and was, on the record, reversible error. The first instruction was also, in the state of the record, error, but, as it is nowhere assigned for error, we only notice it to preclude its being given again.

*Judgment reversed, verdict set aside and cause remanded.*