## TATUM *v.* STATE.*

(Division B. March 8, 1926. Suggestion of Error Overruled March 22, 1926.)

[107 So. 418. No. 25460.]

1. CRIMINAL LAW. *Instruction permissive only, in case defendant be found guilty, of verdicts authorized on conviction of murder, held not to shut jury out from returning manslaughter verdict.*

   Instruction in homicide case that, if jury find defendant guilty, they "may" return one of three following verdicts, authorized on a conviction of murder, being permissive and not mandatory, does not shut the jury out from returning a manslaughter verdict, warranted by the evidence.

2. CRIMINAL LAW. *Defendant, not having requested manslaughter instruction, may not complain that none was given, where no instruction inconsistent therewith was given.*

   Where instruction given in homicide case would be reconcilable with a manslaughter instruction, defendant, not having requested manslaughter instruction, may not complain that none was given.

3. CRIMINAL LAW. *Instruction that flight is circumstance from which guilty knowledge and fear may be inferred held not on weight of evidence.*

   Instruction, embodying correct principle of law, that flight is circumstance from which as matter of law inference of guilty knowledge and fear may be inferred, and applicable to the case under the evidence, *held* not on the weight of evidence.

4. CRIMINAL LAW. *Word "only" held not to make erroneous instruction authorizing conviction if jury only believe defendant guilty beyond reasonable doubt.*

   Instruction that jury may convict if they only believe defendant guilty beyond a reasonable doubt, *held* not erroneous because of word "only."

---

*Corpus Juris-Cyc. References: Criminal Law, 16 CJ., pp. 985, n. 48; 991, n. 7; 1024, n. 80; 1048, n. 67.

APPEAL from circuit court of Jones county, first district.

HON. R. S. HALL, Judge.

Earl Tatum was convicted of murder, and appeals. Affirmed.

*D. B. Cooley,* for appellant.

The court erred in giving instruction number one for the state. The error complained of in this instruction is in the use of the word ''only'' as an adverb to modify the verb ''believe.'' Used in this way the word ''only'' is synonymous with the words ''merely,'' ''barely,'' ''scarcely,'' and ''hardly.'' See Webster's New International Dictionary. In other words, the jury is told by this instruction that they have scarcely to believe, barely to believe, hardly to believe, or merely to believe the defendant guilty beyond a reasonable doubt in order to convict.

The law is that the state must make out its case to a moral certainty and beyond a reasonable doubt. To merely believe, etc., beyond a reasonable doubt does not mean the same thing as ''must believe to a moral certainty and beyond a reasonable doubt.'' The latter has a much more intense meaning than the former, and requires a greater degree of belief of guilt in order to convict.

It was error to give instruction number two for the state. The instruction is in the following language: ''The court instructs the jury for the state that in the event they find the defendant guilty in this case they may return one of the following verdicts, to-wit: 1st. 'We, the jury, find the defendant guilty as charged in the indictment.' In that event the defendant will be sentenced to suffer the death penalty. 2nd. 'We, the jury, find the defendant guilty as charged in the indictment and fix the penalty at imprisonment in the state penitentiary for the remainder of his natural life.' 3rd. 'We, the jury, find the defendant guilty as charged in

the indictment and hereby certify that we are unable to agree on the penalty.' In this event the defendant will be sentenced to the penitentiary for the remainder of his natural life.''

We invite the court's attention to the particular wording of this instruction. No provision is made in this instruction, or in any other instruction given for the state or for the defendant, authorizing the jury to return a verdict against the defendant of manslaughter. This instruction compels the jury to return a verdict of murder or nothing. The giving of this identical instruction was condemned by this court in *Matt Allen* v. *State,* 139 Miss. 605, 104 So. 353; and *Johnson* v. *State,* 75 Miss. 635, 23 So. 579.

I submit, under the proof in this case, that a manslaughter verdict might properly have been rendered. The granting of this instruction, requiring and compelling, the jury to return a verdict of murder or nothing is reversible error.

The court erred in giving instruction number five for the state. It is assumed in this instruction as a fact that the appellant fled after the killing and remained in hiding, and that the jury is to infer guilt from this fact as a matter of law. It is clearly an instruction on the weight of the evidence, and hence, an invasion of the province of the jury. What weight is to be given testimony and what inferences can be logically deduced from it are questions which, by our law, are to be submitted solely to the judgment of the jury. *Maston* v. *State,* 36 So. 70.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

I. Instruction number one for the state is sound law and has been approved repeatedly by this court. *Miller* v. *State,* 35 So. 690; *Pannell* v. *State,* 102 So. 6. The granting of this instruction was assigned as error and strongly urged in the case of *Lee Powell* v. *State,* 90 So.

625. However, this court approved this instruction by affirming the case.

II.   Instruction number two is not subject to the criticism made of it by counsel for appellant. Reading this instruction as a whole, it tells the jury the various verdicts they may return in the event they find defendant guilty as charged in the indictment. This instruction certainly does not exclude the jury from finding a verdict of guilty of manslaughter any more than it excludes the jury from finding a verdict of not guilty.

In the *Allen case,* 104 So. 353, the instruction told the jury that: "The court instructs the jury for the state that you may return either of the following verdicts in this case; to-wit:   .   .   ." Then follows the three usual verdicts in case the defendant is found guilty of murder, and then the usual "not guilty" verdict. The court holds in this case that the testimony was such that the jury might have found defendant guilty of manslaughter and that this instruction by presuming to give each and every verdict the jury might render, excluded the jury from the right to bring in a verdict of guilty of manslaughter. In *Johnson* v. *State,* 75 So. 635, the final clause of the instruction complained of was as follows: "If, however, the jury agrees upon the guilt of the defendant but fails to agree upon the punishment, it is their duty under the law to return a verdict of guilty as charged." The court reversed this case because it held that the testimony was such as to authorize the jury to return a verdict of manslaughter and that this instruction excluded from them this right.

My contention is that the holding of the court in the two cases last named is not applicable to the instruction in the case at bar. The defendant could have asked for an instruction defining manslaughter and authorizing the jury to return a verdict of guilty of manslaughter just as he did ask for and obtain instructions telling the jury that under certain conditions they might return a verdict of not guilty.

142 Miss.—8.

The trial court is powerless to grant an instruction with reference to manslaughter or any other matter in controversy unless requested so to do in writing by one of the parties to the suit. *Hays* v. *State,* 130 Miss. 381; *McLeod* v. *State,* 130 Miss. 83; *Davenport* v. *State,* 121 Miss. 549; *Johnson* v. *State,* 106 Miss. 94; *Dixon* v. *State,* 106 Miss. 697; *Pringle* v. *State,* 108 Miss. 802; *Canterbury* v. *State,* 90 Miss. 279; *Boykin* v. *State,* 86 Miss. 481; *Shubert* v. *State,* 66 Miss. 446; *Watkins* v. *State,* 60 Miss. 323.

III. Instruction number five also assigned as error, does not assume as alleged by counsel that defendant fled but required the jury to believe from the evidence that he fled and remained in flight and hiding and that they might take this circumstance, if found to be true, into consideration along with all the other evidence in the case determining the guilt or innocence of the defendant. This instruction is not error and was properly given in this case. Appellant admitted that he fled through the woods to the railroad and left the state, and remained away until apprehended and brought back by the officers to stand trial. *Bird* v. *U. S.,* 187 U. S. 118; *Star* v. *U. S.,* 164 U. S. 627; *Young* v. *State,* 40 So. 656; *Miller* v. *State,* 19 So. 37; *Thomas* v. *State,* 18 So. 229.

ANDERSON, J., delivered the opinion of the court.

Appellant was indicted and convicted in the First district of the circuit court of Jones County of the crime of murder and sentenced to the penitentiary for life. From that judgment he prosecutes this appeal.

Appellant, Fred Tingle, the deceased, and others were engaged in gambling when an altercation arose between appellant and deceased during which hot and abusive words were passed between them. As a result of this altercation, the game in which they were engaged broke up, the whole party leaving the house in which the gambling

was going on about the same time. A few minutes afterwards appellant and the deceased came together again, when appellant shot the deceased, resulting in his death.

The evidence for the state made out a case of murder, while that for appellant made a case of self-defense. There were several eyewitnesses to the homicide; some, but not all of them, testified, the evidence for the state supporting the charge of murder, while that for appellant that the homicide had been committed in self-defense. In addition, the evidence was such as that the jury would have been justified under the law in returning a verdict of manslaughter. However, no manslaughter instruction was given by the court, neither the state nor appellant requesting such an instruction. The following instruction was given by the court at the request of the state:

"The court instructs the jury for the state that, in the event they find the defendant guilty in this case, they may return one of the following verdicts, to-wit: 'We, the jury, find the defendant guilty as charged in the indictment,' in which event the defendant will be sentenced to suffer the death penalty. (2) 'We, the jury, find the defendant guilty as charged in the indictment and fix the penalty at imprisonment in the state penitentiary for the remainder of his natural life.' (3) 'We, the jury, find the defendant guilty as charged in the indictment and hereby certify that we are unable to agree on the penalty,' in which event the defendant will be sentenced to the penitentiary for the remainder of his natural life."

Appellant contends that the giving of that instruction was error; that it shut the jury out from returning a manslaughter verdict. To support that contention appellant relies on *Allen* v. *State,* 104 So. 353, 139 Miss. 605, and *Johnson* v. *State,* 23 So. 579, 75 Miss. 635. In the Allen case the jury were charged by the instruction for the state there in question that if they found the defendant guilty of murder they should return either of the three verdicts authorized upon a conviction of murder, or a verdict of not guilty. In that case, as in the present

case, neither side requested a manslaughter instruction. The court held that the instruction given necessarily excluded from the jury any consideration of the crime of manslaughter notwithstanding they might, under the evidence, have found the defendant guilty of that crime; that the instruction, in effect, limited the jury in their consideration to four verdicts, namely, the three verdicts authorized upon a conviction of murder, and the verdict of not guilty. In the Johnson case the instruction for the state held to be erroneous was identical in substance with that in the Allen case. The court held in the Johnson case that where a verdict of manslaughter would be justified under one view of the evidence, an instruction limiting the verdict to a conviction of murder or an acquittal was erroneous; that such an instruction "shut the jury up to a verdict of murder or nothing, and was on the record reversible error."

There is a material difference, we think, between the instruction involved in the present case and the instruction involved in the Allen and Johnson cases, and that difference is this: The instruction under consideration in each of those cases told the jury peremptorily to return a verdict of guilty of murder if they believed from the evidence beyond a reasonable doubt that the defendant killed the deceased not in necessary self-defense; and that in rendering their verdict they should be confined to one of the three verdicts authorized upon a conviction of murder. While in the present case the first paragraph of the instruction in question, which is a part of and modifies each of the three succeeding paragraphs, told the jury that if they found appellant guilty "they *may* return one of the following three verdicts, to-wit" (italics ours). "May" in the connection used was a permissive term, not a mandatory term. A manslaughter instruction in the Allen and Johnson cases would have been squarely in conflict with the instruction upon which those cases were reversed. That is the reasoning upon which those cases were founded. A defendant cannot be put in default and prejudiced by failing to ask for an in-

struction to which he is entitled, where the state has obtained an instruction contradictory thereto. The defendant in such a case has the right to stand upon the error in the state's instruction. The error in the state's instruction would not be lessened by the giving of an instruction for the defendant in conflict therewith. The principle does not apply here, because in this case the instruction is not in such terms as to conflict with a manslaughter instruction. In other words, in the present case the instruction complained of can be reconciled with a manslaughter instruction. Its language did not exclude the jury from considering and returning a verdict of manslaughter.

It follows, therefore, that in this case appellant having failed to request a manslaughter instruction, he cannot complain that one was not given. *Dalton* v. *State,* 105 So. 784, 141 Miss. 841; *McLeod* v. *State,* 92 So. 928, 130 Miss. 83; *Hays* v. *State,* 94 So. 212, 130 Miss. 381; *Davenport* v. *State,* 83 So. 738, 121 Miss. 548; *Pringle* v. *State,* 67 So. 455, 108 Miss. 802; *Johnson* v. *State,* 63 So. 338, 106 Miss. 94; *Dixon* v. *State,* 64 So. 468, 106 Miss. 697; *Canterbury* v. *State,* 43 So. 678, 90 Miss. 279; *Shubert* v. *State,* 6 So. 238, 66 Miss. 446; *Watkins* v. *State,* 60 Miss. 323.

The giving of the following instruction for the state is assigned by appellant as error:

"The court instructs the jury for the state that flight is a circumstance from which as a matter of law the inference of guilty knowledge and fear may be inferred; and if you believe from the evidence in the case that the defendant fled and remained in flight and hiding for a time after he killed the deceased, if you believe from the evidence in the case beyond a reasonable doubt that he killed him, you may take such flight or hiding into consideration along with all of the other evidence in the case in determining the guilt or innocence of the defendant."

It is argued by appellant that this instruction was upon the weight of the evidence. We do not think so. The in-

struction embodies a correct principle of law and was applicable to this case under the evidence.

Appellant assigns as error the giving of the following instruction for the state:

"The court charges the jury for the state that they do not have to know that the defendant is guilty in order to convict him, but the jury will be warranted in and should convict the defendant if they only believe him to be guilty of the crime charged from the evidence in the case beyond a reasonable doubt."

This instruction is criticized because of the use of the word "only." We think the instruction would be clearer with the word "only" left out; but its use does not change or modify the principle of criminal evidence sought to be embodied in the charge. To say that one believes the existence of a fact beyond a reasonable doubt is exactly the same in meaning as to say that one only believes the existence of a fact beyond a reasonable doubt. The word "only" in the instruction could not have misled the jury.

The giving of instruction No. 4 for the state is assigned as error by appellant. The language of this instruction is so involved (perhaps caused by clerical errors of the draftsman) as not to embody any definite principle. It could not have misled the jury.

We find no harmful error in this record.

*Affirmed.*