# MYERS *v.* STATE.

(En Banc.   April 3, 1933.   Suggestion of Error Overruled· May 29, 1933.)

[147 So. 308.   No. 30126.]

W. A. Henry, of Yazoo City, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**J. G. Holmes**, of Yazoo City, for the state.

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from a conviction of murder. The appellant's complaints are:

1. He should have been granted a change of venue.

2. The evidence is insufficient to support a conviction of guilty of anything; but, if mistaken in that, it is sufficient only to support a verdict of manslaughter.

3. The exclusion of evidence of a threat by the deceased to kill the appellant.

4. The granting and refusal of instructions.

5. The holding of an alleged disqualified juror to be competent.

The evidence as to the prejudgment of the case, at most, was merely conflicting, and abundantly supports the refusal to grant a change of venue.

On the evidence the guilt vel non of the appellant, and if guilty whether of murder or manslaughter, was clearly a question for the jury.

Bad feeling had existed between the deceased and the appellant for several years. About three years before the killing, they had a fight in which the deceased bit off

a portion of the appellant's ear. A witness testified that she met the deceased when others were present, some of whom joked him about having bitten the appellant's ear, and that he said that he "bit his ear off. . . . He was trying to bite that jugular vein. . . . If he ever bothered him any more he would kill him. . . . He would bite that jugular vein the next time he bothered him." The witness was unable to state definitely when this conditional threat (the conditional feature of which will be laid on one side) was made. She placed the time as being either in the fall of 1929 or 1930, fixing it, during the course of her examination, sometimes as of one of these dates and sometimes as of the other.

A threat may be made at a time too remote from the act it is offered to color to be of any evidential value; and the burden is upon the one offering it in evidence to remove that element of inadmissibility. In determining that question doubts must be solved against the admissibility of the evidence; in other words, the evidence must disclose with reasonable certainty the approximate date of the making of the threat. But if we take the fall of 1930 as the date of the threat, it was made, if in September, more than eight months before the deceased was killed, during all of which time the appellant and the deceased were in almost daily contact, living most of the time under the same roof. The court below excluded this evidence on the ground of remoteness, and committed no error in so doing. Shaw v. State, 79 Miss. 21, 30 So. 42.

The rulings on the instructions complained of were unexceptional, only one of which will be here specifically noticed.

The third instruction for the state charged the jury, "if you find the defendant guilty, you may return either of the following verdicts," and then proceeds to set forth three forms of a verdict of "guilty as charged." The error alleged to appear therein is that it omits to per-

mit the jury to return a verdict of manslaughter. If the instruction stood alone, it would come either under the condemnation of Allen v. State, 139 Miss. 605, 104 So. 353, or the approval of Tatum v. State, 142 Miss. 110, 107 So. 418, and in that event we would be called on to determine which of these cases should be followed. But it does not stand alone. By two other instructions the court submitted to the jury the question of the appellant's guilt vel non of manslaughter. As this court has many times decided, the separate instructions to a jury should be read together as if they were paragraphs of one instruction, and if, when so read, the law applicable to the issue to be tried correctly appears, no error has been committed in granting the instructions, although one or more of them when separately considered present error. When this rule is applied, the instruction as to the verdicts of guilty the jury could render would appear as follows:

The third instruction for the state:

"The court instructs the jury for the state that if you find the defendant guilty you may return either of the following verdicts.

"1. We the jury find the defendant guilty as charged, in which event it would be the duty of the court to sentence the defendant to be hanged; or,

"2. We the jury find the defendant guilty as charged and fix his punishment at imprisonment in the state penitentiary for life. In which event it would be the duty of the court to so sentence him; or,

"3. We the jury find the defendant guilty as charged, but cannot agree upon the punishment. In which event it would be the duty of the court to sentence him to the state penitentiary for life."

The first instruction for the appellant: "The court instructs the jury for the defendant that he is indicted in this cause for murder and the sole and only issue to

be determined by the jury is whether or not he is guilty of manslaughter or murder or not guilty. . . ."

The fourth instruction for the appellant, after setting forth facts which, if believed by the jury, would render the appellant guilty of manslaughter, concludes as follows: "Your verdict will be, we, the jury, find the defendant guilty of manslaughter." The jury, therefore, could not have been misled into believing that if they found the defendant guilty of anything, it must be of murder.

One of the jurors accepted by the state, and tendered to the appellant, was challenged on the ground that he was not a qualified elector under section 241 of the Constitution, in that he had not paid on or before the first day of February preceding the trial "all taxes which may have been legally required of him, and which he has had an opportunity of paying according to law, for the two preceding years." The juror was held to be qualified, and was then challenged peremptorily by the appellant, who thereafter exhausted his peremptory challenges before the jury was finally impaneled. The juror on his voir dire said that he paid his taxes in conformity with the statute governing same then in force, chapter 24, Extraordinary Session of 1931; that is to say, he paid one-half of his taxes on or before the first day of February, 1932, the other half not being due under the statute at the time of the trial. The dates for the levy and collection of taxes are for the determination of the Legislature, and the taxpayer is in default in the payment thereof only when he fails to pay in accordance with the governing statute. Section 1 of chapter 24, Laws of Extraordinary Session 1931, provides that one-half of the ad valorem taxes for the year 1931 should be "due and payable on or before the 1st day of February, 1932," and one-half in two equal installments "on or before the first day of May," and the other "on or before the first day of August." The juror having complied with this

statute, had paid all of the taxes legally required of him, and, therefore, was a qualified elector, and in so far as the payment of his taxes is concerned, was a qualified juror.

Affirmed.

**McGowen, J.**, delivered a dissenting opinion.

I am of opinion that the third instruction given for the state constitutes reversible error as declared by this court in the cases of Johnson v. State, 75 Miss. 635, 23 So. 579, and Allen v. State, 139 Miss. 605, 101 So. 353. Tatum v. State, 142 Miss. 110, 107 So. 418, specifically recognizes, as I see it, the correctness of the rule announced in the Allen and Johnson cases, supra.

The giving of the first and fourth instructions for the defendant intensified the error and produced, when the instructions are read together, an irreconcilable conflict and left the jury without a guide.

**Cook, J.**, joins in this dissent.

**Ethridge, J.**, thinks the giving of the third instruction was error.