## RUTLAND *v*. STATE.

(Division B. June 11, 1934. Suggestion of Error Overruled Sept. 24, 1934.)

[155 So. 681. No. 31178.]

Robert L. Calhoun, of Mount Olive, George Gandy and E. L. Dent, both of Collins, and R. C. Russell, of Magee, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the
state.

Argued orally by **E. L. Dent**, for appellant.

**Griffith, J.,** delivered the opinion of the court.

The evidence for the state amply supports the verdict of murder, while that for appellant makes out a case either of self-defense or of manslaughter. Taking the whole evidence and reconciling its various parts, so far as possible, we think the ends of justice would have been satisfied with a manslaughter verdict, but not with one of not guilty. However, appellant did not request a manslaughter instruction, and he is therefore not in a position to complain as to that issue on appeal. Tatum v. State, 142 Miss. 110, 107 So. 418; Davis v. State, 157 Miss. 669, 128 So. 885. The instruction granted at the request of the state and of which particular complaint has been made is not, as we think, reversibly erroneous, when taken in connection with the elaborate instructions granted at the request of appellant. Moreover, the principal objections urged against the instruction have been ruled adversely to appellant in the recent case, Gurley v. Tucker (Miss.), 155 So. 189.

One of the eyewitnesses to the homicide, and who was introduced by the state, made several responses upon cross-examination which the district attorney, when entering upon the redirect examination, stated to the court came as a surprise to the state, because in conflict with statements made by the witness to the district attorney in the consultation room before the witness was introduced by the state; and, upon this statement being made by the district attorney, the court allowed him, over the objections of appellant, to develop by the witness that the witness had made statements to the district attorney before being introduced which to some extent were in conflict with his testimony on cross-examination, and that in some respects he had not made full disclosures to the district attorney on his private examination with the other witnesses before being introduced. Appellant relies upon the general rule that, "in the absence of a statute authorizing it, a party is not allowed to discredit

a witness voluntarily called by him by proof of contradictory statements previously made by the witness, unless it is shown by evidence to the satisfaction of the court that he has been deceived or misled by fraud or artifice practiced on him by the witness.'' Dunlap v. Richardson, 63 Miss. 447. And appellant cites also Chism v. State, 70 Miss. 753, 12 So. 852, and insists that there was no fraud or artifice here.

In Dunk v. State, 84 Miss. 452, 455, 36 So. 609, 610, this court said: ''The general rule is that a party cannot attack the credibility of a witness introduced by himself. In the interest of fairness and justice, and to prevent parties litigant being defeated of their just rights by trickery, certain exceptions have been ingrafted on this rule; and, while a party may never impeach the general reputation of a witness whom he introduces in certain cases, when manifestly he has been entrapped into introducing a hostile witness, and is obviously surprised by the testimony, he is not bound thereby, and may show contradictory statements previously made by the witness,'' when these are matters material to the issues involved in the case. Here the contradictory or inconsistent statements were made to the district attorney himself, and were substantially admitted by the witness. The examination permitted by the court was therefore within both the letter and the reason of the rule as last above stated. There seems to be practically no dissent from the holding ''that a party who is surprised by unfavorable testimony given by his own witness may interrogate such witness as to previous inconsistent statements made by him,'' 28 R. C. L. 644; and that is exactly the situation which is here presented. See cases gathered 40 Cyc. 2693-2695, and the recent case, directly in point, Com. v. Lehman, 309 Pa. 486, 497, 164 A. 526.

Affirmed.

ON SUGGESTION OF ERROR.

**Anderson, J.**, delivered the opinion of the court on suggestion of error.

The instruction complained of in this case is a copy of the one considered and upheld in Tatum v. State, 142 Miss. 110, 107 So. 418. Since the decision of the Tatum case we have been asked time and again to overrule it, and each time we have declined to do so. Again we are asked to overrule that case; we have reconsidered the question, and are of opinion that the Tatum case is sound and is not in conflict with either the Allen case, 139 Miss. 605, 104 So. 353, or the Johnson case, 75 Miss. 635, 23 So. 579.

Suggestion of error overruled.