GRANT *v*. STATE.

(In Banc. April 8, 1935.)

[160 So. 600. No. 31591.]

John B. Gee, of Rolling Fork, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Cook, J.,** delivered the opinion of the court.

Appellant, Alferta Grant, was convicted in the circuit court of Issaquena county on a charge of murder, and was sentenced to be hanged, and from this conviction and sentence this appeal was prosecuted.

The evidence offered by the state would support the conviction of murder; while under the testimony of the appellant, which is in a measure corroborated by the testimony of one of the principal state witnesses, a manslaughter verdict might have properly been returned. Neither the state nor the defendant requested an instruction defining manslaughter, or announcing the law applicable thereto; but the state secured an instruction reading as follows: "The court instructs the jury for the state that if you find the defendant guilty in this case, your verdict may be either of the following, to-wit: 'We the jury find the defendant guilty as charged in the indictment,' and in which event the court will sentence the defendant to be hung. Or, second, 'We the jury find the defendant guilty as charged in the indictment but cannot agree as to his punishment, in which event the court will sentence the defendant to be confined in the state penitentiary for the period of his natural life, or, third, 'We the jury find the defendant guilty as charged in the indictment and fix his punishment at confinement in the state penitentiary for the period of his natural life.' "

The appellant contends that this instruction is erroneous for the reason that it prohibits a verdict of manslaughter, and shut the jury up to a verdict of murder or not guilty; and this assignment of error calls for a

reconsideration of former decisions of this court bearing on this point.

In the case of Johnson v. State, 75 Miss. 635, 25 So. 579, it was held that if a conviction of manslaughter would be correct should the jury accept one view of the evidence, an instruction limiting the verdict to a conviction of murder or an acquittal was erroneous.

In Allen v. State, 139 Miss. 605, 104 So. 353, the state secured an instruction which reads, in part, as follows: "The court instructs the jury for the state that you may return either of the following verdicts in this case, to-wit," followed by the forms for the three possible murder verdicts, and also a verdict of not guilty. Upon the authority of Johnson v. State, supra, the court held that this instruction excluded a manslaughter verdict, and that, since the evidence warranted a verdict of manslaughter, it was reversible error, although no instruction on manslaughter was requested.

In Tatum v. State, 142 Miss. 110, 107 So. 418, the trial court granted the following instruction, "The court instructs the jury for the state that, in the event they find the defendant guilty in this case, they may return one of the following verdicts, to-wit," followed by the three approved forms of murder verdicts. In considering the effect of this instruction, the court reached the conclusion that it could be satisfactorily distinguished from the Johnson and Allen cases, supra, and that the instruction that the jury "may" return one of three following verdicts, authorized on a conviction of murder, was permissive and not mandatory, and did not shut the jury off from returning a manslaughter verdict warranted by the evidence. In reaching the conclusion that the Tatum case was distinguishable from the Allen case, the court proceeded upon an error of fact, since it is stated in the opinion that: "In the Allen case the jury were charged by the instruction for the state there in question that if they found the defendant guilty of murder they should

return either of the three verdicts authorized upon a conviction of murder. . . ." If the instruction in the Allen case had so stated it would have been manifestly correct, since one of the three murder verdicts is the only verdict that a jury can return in case they find a defendant guilty of murder.

In Grady v. State, 144 Miss. 778, 110 So. 225, 227, the Tatum case was cited as authority for the view that an instruction granted in that case did not cut the jury off from a consideration of a manslaughter verdict. A consideration of the question of whether or not the word "may," in the phrase "may return either of the following verdicts," was permissive or mandatory, was not necessary in reaching the conclusion that the instruction granted in the Grady case, supra, was not erroneous. The instruction in that case, as set forth in the opinion of the court, after defining murder, told the jury that "If you find the defendant guilty of murder you may return either of the following verdicts," followed by the three forms for murder verdicts. As pointed out above, this instruction was literally correct, and the word "may" as used therein was necessarily mandatory, since upon a conviction of murder no verdict except one of the three murder verdicts may be returned.

This question was again considered by the court in banc in the case of Myers v. State, 167 Miss. 76, 147 So. 308. In that case the jury instructed that, "If you find the defendant guilty you may return either" of the three murder verdicts. In that case, however, the jury was further instructed that under the evidence they might return a manslaughter verdict, and that in such case their verdict should be: "We, the jury, find the defendant guilty of manslaughter." As to whether the instruction which informed the jury that in the event "you find the defendant guilty you may return either" of the specified murder verdicts was reversible error in that case, the court was equally divided in the opinion affirming the

case. The apparent conflict between the Allen and Tatum cases, supra, was recognized, but the question as to which case would be followed was expressly reserved, and the conclusion of the affirming judges that no reversible error was committed was rested upon the fact that the jury was also specifically instructed that under the evidence a manslaughter verdict might be returned, and that consequently the jury could not have been misled into believing that if they found the defendant guilty of anything, it must be of murder.

It now appears to us that the Tatum case, supra, was not properly distinguishable from the Johnson and Allen cases, and that there is a real conflict between these cases, and therefore we are now called upon to determine which of them will be followed. We have reached the conclusion that the word ''may,'' as used in the direction to the jury that ''If you find the defendant guilty you may return'' one of three specified murder verdicts, is not permissive, but is mandatory, and requires a verdict of murder in the event the defendant is found guilty; and, in so far as the Tatum case, supra, holds to the contrary, it is overruled, and the doctrine announced in the Johnson and Allen cases will be followed. It follows from these views that the instruction complained of in the case at bar was erroneous, and for this error the judgment of the court below will be reversed and the cause remanded.

Reversed and remanded.