GANGLOFF *v.* STATE

No. 40739          January 6, 1958          99 So. 2d 461

*Albert Sidney Johnston, Jr.,* Biloxi, for appellant.

*J. R. Griffin,* Asst. Atty. Gen., Jackson, for appellee.

LEE, J.

Fred Gangloff appealed from a judgment of the Circuit Court of Stone County by which he was convicted of unlawful speeding and sentenced to pay a fine of $10 and costs.

George Saxon, a highway patrolman, with a fully tested transmitter box, operated by radar, was on duty Sunday afternoon, October 7, 1956, on Highway 49, in District 3 of Stone County. K. V. Allen, Irvin R. Rippey and Harold Griffin, other patrolmen, were about a quarter of a mile down the road. A white and blue 1954 Chevrolet car, with a Florida tag, was proceeding south. As it approached and passed the box the radar registered its speed at seventy miles an hour in a sixty mile zone. Saxon, watching the car, relayed its description and speed to Allen, who tried, without success, to stop the vehicle. Rippey and Griffin, in a patrol car, chased the Chevrolet for nearly five miles before they were able to stop it. Gangloff, alone in the car, was driving. They arrested him and drove him back to Justice of the Peace Jack Stanton at Perkinston. According to the State's proof, he was tried by the justice of the peace on October 30, 1956, and upon conviction, he appealed to the circuit court.

The defendant did not have a lawyer, but represented himself. In his cross-examination of the named witnesses, what should have been questions by him were in fact largely denials of what the officers said. He disputed also their statements that he was tried on October 30th. When the State rested, he called as witnesses other patrolmen, the justice of the peace, and a deputy sheriff. Likewise, in what amounted to cross-examination, he sought to prove by them that he was tried that same afternoon. But the witnesses said that they did not testify and that no trial was had at that time. They stated that, when the defendant was taken before the justice of the peace and was asked to post bond, he replied that he would not "put up one red penny." When

the justice of the peace informed him that, if bond was not made, he would have to be sent to jail, the defendant replied: "Hell, send me to jail, I don't care." When the defendant had been taken to jail, the deputy sheriff inquired whether he desired to call someone over the telephone; but he was told "No", that he would not be able to get anyone at that time. The justice of the peace testified that there was no trial that afternoon. The next day the defendant secured a lawyer and made bond. Subsequently, by the agreement of his lawyer, the case was set for trial on October 30, 1956; and on that date, he and his counsel appeared and participated in the trial which resulted in his conviction.

The defendant testified in his own behalf. He disagreed with all of the witnesses, both those for the State and those whom he put on the stand himself. His statement, in great detail, excoriated the officers, maintained that they were not telling the truth, and that he alone knew the whole story. He said that he was tried the same afternoon of his arrest and that he was fined $25 and costs and was sent to jail under a mittimus; and that the next day, he made bond for his appeal. He did not introduce these papers, nor did he introduce the record to show that a judgment had been entered. He further said that he was denied bond, or the opportunity to make bond, both before and after conviction. On cross-examination, when he was asked if he was tried for speeding on that Sunday afternoon, he said: "No, I wasn't tried." Again when he was asked if the affidavit for speeding on which he was then tried was signed on October 7th, he replied: "There was no affidavit made on October 7th." After conviction, the defendant filed a motion for a new trial, which was overruled. He then employed an attorney, who filed another or amended motion for a new trial, and offered alleged copies of the mittimus and bond in question. This motion was also overruled.

■■■ The evidence for the State fully warranted the jury in finding that the defendant was guilty of unlawfully speeding in that he was driving seventy miles an hour in a sixty mile zone.

Whether or not there was a trial on October 7th or whether the justice of the peace erroneously issued a mittimus under which the defendant was to be put in jail when he refused to make bond was in dispute.

The principal contentions of the appellant here are that the justice of the peace court had no authority to try him on October 30th because it had previously tried him on October 7th; that the court erred in failing to submit this issue to the jury; and that the court erred in overruling his motion for a new trial.

■■■ As stated above, whether or not there was a trial on October 7th was in dispute. The defendant, in his examination of witnesses whom he called, in cross-examination of the State's witnesses, and in his own testimony, evinced considerable confidence in his ability to try his lawsuit properly. The trial judge, as it usually happens when a party does not have a lawyer, was very liberal and indulgent toward the defendant, but he was not requested to give an instruction on that issue. Under Section 1530, Code of 1942 Annotated, requested instructions must be in writing, and the circuit judge, at the request of either party "shall instruct the jury upon the principles of law applicable to a case." He cannot originate instructions or give them on his own motion. Watkins v. State, 60 Miss. 323; Bangs v. State, 61 Miss. 363; Masonite Corporation v. Lochridge, 163 Miss. 364, 140 So. 223, 141 So. 758. ■■■ Consequently, if the defendant wished to request an instruction on that principle, he should have submitted it in writing to the judge.

■■■ There is nothing in the law which obligates or even permits a trial judge to ignore the law, or become a partisan in favor of a litigant who does not have an attorney, or see that such litigant has presented every

legal principle of which learned and astute counsel, after study and preparation, may conceive. While trial judges are invariably more lenient and indulgent toward such litigants, charity must not go to the extent that a party, without counsel, becomes a privileged litigant and is granted rights and immunities not afforded by law and not allowed to those who obtain counsel. If a defendant chooses to be his own lawyer, he has that right; but such right does not license him to ignore the law, nor make him a ward of the court or the client of the trial judge.

If the trial judge had in fact prepared or originated and given an instruction, as contended for by the appellant, he would have violated the statute and committed error. He did not commit that error. Obviously his failure to commit error does not make him guilty of error.

■■ It was not until after conviction, when the defendant secured an attorney to file a motion for a new trial, that the mittimus and bond were offered in evidence. This was not new matter. It had been gone into thoroughly. Consequently there was no error in the refusal of the court to grant a new trial on that ground.

■■ As pointed out in the statement of facts, the defendant, on cross-examination, testified that he was not tried that Sunday afternoon for speeding, and that no affidavit therefore was made at the time. If his statement was true in that regard, his contention of double jeopardy would fall for two reasons: (1) The offense for which he was then tried was not the same offense as is involved in this appeal. Article 3, Section 22, Constitution of 1890; and (2) if no affidavit was made, the conviction was void and no bar to a subsequent prosecution. Bigham v. State, 59 Miss. 529; Wilcox v. Williamson, 61 Miss. 310; Woodson v. State, 94 Miss. 370, 48 So. 295. It is passing strange too that the defendant and his counsel participated in the trial of October 30th if he had already been tried for the same offense on October 7th.

■■■ The appellant, in a brief which he filed himself, asks the court to answer seventeen legal questions. The opinion deals with those questions which are necessary to a decision of this case, and further response is unnecessary. This Court does not give advisory opinions.

No reversible error appears in the record and the cause is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Hall, Holmes* and *Ethridge, JJ.,* concur.