291 So.2d 537 (1974)
Olia Mae McMullen
v.
STATE of Mississippi.
No. 47607.
Supreme Court of Mississippi.
March 11, 1974.
*538 Eaves & Eaves, Louisville, for appellant.
A.F. Summer, Atty. Gen., by Wayne Snuggs, Special Asst. Atty. Gen., Jackson, for appellee.
RODGERS, Presiding Justice.
The appellant Olia Mae McMullen was indicted, tried and convicted in the Circuit Court of Choctaw County, Mississippi, on a charge of murder. She has appealed to this Court and now contends that the trial court committed error in not permitting the defendant to recall a state witness for further cross-examination; and also, that the trial judge should have granted a jury instruction defining manslaughter.
We find no merit in the assignments of error listed by the appellant in this case.
The contention of appellant that the trial court should have permitted the defendant to recall Sheriff Jones for further cross-examination as a state witness is not well taken because it is within the sound discretion of the trial judge as to whether or not a witness for an adverse party may be recalled as the witness of the party who introduced him originally, or as a witness for the party recalling the witness unless, of course, it is for the purpose of impeachment. Chenault v. State, 154 Miss. 21, 122 So. 98 (1929); 58 Am.Jur. Witnesses § 561, at 313; § 762, at 414; § 779, at 427 (1948).
The next contention of the appellant, that the trial court erred in failing to require the state to instruct the jury on manslaughter, is not well taken.
In the case of Sexton v. State, 274 So.2d 658 (Miss. 1973) this Court said:
"As far back as 1882 this Court said in Watkins v. State, 60 Miss. 323, that `[I]t is manifest from the language of the statute that the Legislature intended to deny the judge the power of originating independent instructions of its own motion, not called for or rendered necessary, by those requested by counsel.' 60 Miss. at 325.
* * * * * *
If the defendant were entitled to an instruction on manslaughter he should have submitted a manslaughter instruction to the Court. We said in Cosey v. State, 161 Miss. 747, 138 So. 344 (1931):
`In early cases under this statute there were two decisions which, in effect, held that the court should require the district attorney to obtain instruction on manslaughter where the evidence warranted a theory of manslaughter. The court, however, is now fully committed to the doctrine that the court is not required to give an instruction not requested either by the state or by the defendant. Citing many cases.' 161 Miss. at 755, 138 So. at 345-346." 274 So.2d at 660-661.
Since the appellant failed to request a manslaughter instruction, she cannot now be heard to complain of the failure of the court to give one.
Of course, where the evidence is not sufficient to establish murder, the court may refuse to grant an instruction on murder, and may, of its own motion, reduce the charge to that of manslaughter.
We, therefore, hold that the trial court did not commit error as alleged by the appellant in her assignments of error.
On the other hand, the facts in this case are unsatisfactory, skimpy and limited as to the necessary elements to establish murder. We find ourselves in the quandary that must have faced the court in the case of Johnson v. State, 75 Miss. 635, 23 So. 579 (1897):
"A more unsatisfactory case on the testimony was, perhaps, never presented *539 to an appellate tribunal. There was not a charge given on either side as to manslaughter, and yet, on the proof, we think there might, have been properly a verdict of manslaughter. We do not mean to say that a verdict of murder would be improper, on the testimony, if there had been no error of law. But, since a verdict of manslaughter might also be upheld, it was, in the distressingly conflicting state of the evidence, to the last degree important that no error of law should have been committed. The third instruction for the state shut the jury up to a verdict of murder or nothing, and was, on the record, reversible error. * * * Judgment reversed, verdict set aside, and cause remanded." 75 Miss. at 636, 23 So. at 580.
In the instant case, the defendant made no objections to the instructions offered by the state and ordinarily, we do not peruse the admitted instructions because of Rule 42, Miss.Sup.Ct. Rules.[1] However, where it becomes apparent and it affirmatively appears from the whole record that very likely there has been a miscarriage of justice, we will not hesitate to apply Rule 6, Miss.Sup.Ct. Rules,[2] and the last part of Rule 42, supra. The pertinent part of this rule is as follows: "However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice."
In the instant case, the State of Mississippi obtained two instructions which have been often condemned by this Court and which very likely lead to a misapplication of the law to the facts here shown. While bearing in mind that a jury can return a manslaughter verdict without an instruction on manslaughter, we examine the first of these instructions:
"The Court instructs the jury for the State of Mississippi that should you find the Defendant, Olia Mae McMullen, guilty, the form of your verdict may be as follows:
`We, the jury, find the Defendant guilty as charged.'
Your verdict should be written upon a separate sheet of paper."
A similar instruction was objected to in Grant v. State, 172 Miss. 309, 160 So. 600 (1935) on the grounds that it prohibited a verdict of manslaughter, and shut the jury up to a verdict of murder or not guilty. The instruction in that case was written *540 when the death penalty for murder was still in existence, and the jury had a choice of fixing punishment at life imprisonment or death. Although the instruction in Grant contained three forms of murder verdicts, the same principle is involved in the case at hand. In reaching its decision that the granting of the instruction was reversible error, the Court discussed several earlier cases on point:
"In the case of Johnson v. State, 75 Miss. 635, 23 So. 579, it was held that if a conviction of manslaughter would be correct should the jury accept one view of the evidence, an instruction limiting the verdict to a conviction of murder or an acquittal was erroneous." 172 Miss. at 312, 160 So. at 600-601.
The same instruction was granted in Allen v. State, 139 Miss. 605, 104 So. 353 (1925). The Grant court spoke of this decision saying:
"Upon the authority of Johnson v. State, supra, the court held that this instruction excluded a manslaughter verdict, and that, since the evidence warranted a verdict of manslaughter, it was reversible error, although no instruction on manslaughter was requested." 172 Miss. at 312, 160 So. at 601.
In Morris v. State, 174 So. 562 (Miss. 1937) the same instruction was again in issue. The Court said that although the weight of the evidence made out a case of murder, there was some evidence indicating manslaughter. For this reason, the Court said that the instruction limiting the verdict to murder was erroneous, since the jury within reason could have found a verdict of manslaughter.
From an examination of the foregoing cases, it is evident that State's Instruction No. 6 was erroneous, since the evidence could have warranted a jury verdict of manslaughter. Section 2226, Mississippi Code 1942 Annotated (1956) [now Mississippi Code Annotated § 97-3-35 (1972)].
The second instruction is in the following language:
"The Court instructs the jury for the State that the law of self-defense as defined in the instructions presented to them by the State of Mississippi and by the defendant does not imply the right of attack. If you believe from the evidence in this case that the Defendant, Olia Mae McMullen, armed herself with a deadly weapon and sought the deceased with the formed felonious intent of invoking a difficulty with the deceased, or brought on, or voluntarily entered into and [sic] difficulty with the deceased, Tommie Kirkwood, Jr., with the felonious intent to kill and murder the deceased, then, the Defendant, Olia Mae McMullen, cannot invoke the law of self-defense no matter how imminent or urgent the peril, in which she found herself."
A similar instruction was granted in Tate v. State, 192 So.2d 923 (Miss. 1966). This Court held that the instruction substantially restricted or cut off appellant's right to defend upon the ground of self-defense and was, therefore, erroneous. The Court said:
"In Lofton v. State, 79 Miss. 723, 31 So. 420 (1901) this Court said:
"... This form of charge, declaring a defendant estopped to plead self-defense, is an exceedingly unwise one to be given. We have repeatedly condemned it, ... It can never be proper, save in the few, very, rare cases where the case is such, on its facts, that a charge can be given embracing all the elements  not part of them, nor nearly all of them  essential to the estoppel.' 79 Miss. at 734, 31 So. at 421." 192 So.2d at 924.
An almost identical instruction to the one in issue was held to be erroneous in Ellis v. State, 208 So.2d 49 (Miss. 1968) and in the recent case of Craft v. State, 271 So.2d 735 (Miss. 1973).
*541 In Patrick v. State, 285 So.2d 165 (Miss. 1973) the appellant argued that his right to plead self-defense was cut off by one of the State's instructions. The Court stated:
"... [W]e reiterate and reemphasize what has already been said many times by this Court, and that is that it is a rare occasion when an instruction cutting off the right of self-defense is proper in a murder prosecution." 285 So.2d at 168.
In light of the cases discussed above, it appears that the giving of the instruction was error. From a close reading of the record in this case, there is no evidence nor inference therefrom that the appellant armed herself with the felonious intent of provoking a difficulty with the deceased.
Although we are reluctant to review instructions granted by the trial judge, to which objection is not raised in the trial court, and will only do so in rare cases, nevertheless, where it appears that instructions used in the trial court are so erroneous and prejudicial as to prevent a fair trial, this Court will take notice of such instructions and will reverse the case in order to prevent "manifest injustice".
The two above mentioned instructions are of such grave error, under the facts in this case, as to require us to grant a new trial in order that the defendant may be tried under proper instructions applicable to this case.
Reversed and remanded.
GILLESPIE, C.J., and PATTERSON, INZER, SMITH and ROBERTSON, JJ., concur.
SUGG, WALKER and BROOM, JJ., dissent.
NOTES
[1] Rule 42. It is ordered that the following rule be and it is hereby adopted for the Court:

WHEREAS, the judges of the circuit courts of Mississippi have adopted uniform rules of procedure for the circuit courts, and among those rules adopted is Rule 14 requiring attorneys to file jury instructions with the circuit clerk and to deliver copies of the instructions proposed to be given the jury to opposing counsel before the trial. The rule further provides that attorneys are required to dictate their specific objections to an instruction offered, thus giving the trial judge an opportunity to pass upon the objections before the case is argued before the jury.
After considering the foregoing rule, we are convinced that it will aid in promoting better judicial procedure and should be implemented by this Court. It is, therefore, the rule of this Court that no assignment of error based on the giving of an instruction to the jury will be considered on appeal unless specific objection was made to the instruction in the trial court stating the particular ground or grounds for such objection. However, in extreme cases this Court may raise an objection to a jury instruction in order to prevent manifest injustice. This rule shall take effect and be in force as to all cases tried after June 1, 1971.
[2] Rule 6. Assignments of Error.

(a) The appellant shall file an assignment of error on or before the due date of appellant's brief, as provided infra in Rule 7, Subsection (a). The assignment of errors shall set out separately and particularly each error asserted and intended to be urged, to which shall be appended a certificate that a copy thereof has been delivered or mailed, postage prepaid, to opposing counsel. Cross-appeals may be taken without bond, by the appellee and cross-appellant by filing his cross-assignment of errors at the time the brief of appellee is due under Rule 7.
(b) No error not distinctly assigned shall be argued by counsel, except upon request of the Court, but the Court may, at its option, notice a plain error not assigned or distinctly specified.