COOTZ MAY *v.* STATE OF MISSISSIPPI.

[42 South. Rep., 164.]

CRIMINAL LAW AND PROCEDURE. *Murder. Manslaughter. Instruction touching lesser crime.*

Where on the facts of a homicide a conviction of manslaughter would have been warranted a verdict convicting of murder will be set aside if the jury were wholly uninstructed touching the right to convict of the lesser crime.

FROM the circuit court of Sunflower county.

HON. A. McC. KIMBROUGH, Judge.

May, the appellant, a negro, was indicted and tried for and convicted of the murder of his wife, Roberta May, sentenced to suffer death, and appealed to the supreme court.

The testimony showed that the killing occurred at a negro dance. Appellant's wife accused him of having committed

adultery with the wife of one Jennings, and this she did in the presence of Jennings. Appellant denied the charge, and thereupon his wife slapped him in the face and cursed him, and Jennings at the same time demanded of the appellant to know if the charge were true. Appellant thereupon presented a pistol and shot twice, killing his wife. The appellant denied that he had a pistol at the time of the shooting, and claimed that his wife was shot by some one else. There was no affirmative evidence of malice on the part of appellant, unless it be inferable from the facts above stated; he himself testifying, without contradiction, that there had been no ill feeling between himself and wife prior to the shooting, and that just before the killing he had purchased necessaries for her.

The only instruction to the jury for the state related to the form of the verdict in case of a conviction of murder, but made no reference to a conviction of any lesser crime. All instructions to the jury asked by appellant were granted by the court. Neither party, however, asked an instruction touching the subject of manslaughter; and none was given by the court. On appeal the failure of the trial court to see that proper instructions were given to the jury touching manslaughter was assigned for error.

*Thos. R. Baird,* for appellant.

No instruction defining manslaughter was asked for by the State, or granted by the court; hence it is evident, from the opinion of this court, in the case of *Johnson* v. *State,* 75 Miss., 635 (s.c., 23 South. Rep., 579), that this case must be reversed. Nowhere in the evidence is any malice or motive for the killing shown upon the part of appellant. If the killing was done in the heat of passion resultant from sudden provocation, such as abusive language or personal violence upon the part of the deceased wife, the crime would be reduced from murder to manslaughter. Hence, the case must be reversed.

Statement of the case.

*R. V. Fletcher,* assistant attorney general, for the appellee.

Although the appellant denied that he fired the fatal shot, the facts of the killing were established by two disinterested witnesses for the state. The question was one of fact for a jury.

Appellant's instructions to the jury were all given as requested, one being in effect a manslaughter charge; and the sole instruction for the state was granted, being as to the form of the verdict.

WHITFIELD, C. J., delivered the opinion of the court.

The jury would have been well warranted in finding a verdict of manslaughter only in this case. Indeed, the evidence could not well warrant any more serious finding, and yet there is not an instruction in the case as to manslaughter. The case falls precisely within *Johnson* v. *State,* 75 Miss., 635 (23 South. Rep., 579).

*Reversed and remanded.*

