# McCary *v.* State.

(Division B. Dec. 11, 1939.)

[192 So. 442. No. 33764.]

Harry K. Murray, of Vicksburg, for appellant.

**W. D. Conn Jr.,** Assistant Attorney-General, for appellee.

**McGowen, J.,** delivered the opinion of the Court.

Appellant was indicted tried, and convicted of the crime of burglary, and by the court sentenced to serve a term in the State Penitentiary.

The evidence on behalf of the state was a detailed written confession of the burglary signed by the appellant,

and also a very complete statement of the facts of the crime by a state witness who was an accomplice.

By the evidence for the state the crime of burglary was fully made out, and the only evidence offered by appellant in opposition thereto was evidence of his good reputation.

(1) There was no evidence controverting the testimony of the officers that the confession herein was freely and voluntarily made without threat, coercion, or hope of reward, or inducement of any character, and the evidence was competent.

(2) We find no error in the granting or refusal of instructions by the court.

(3) It is contended by the appellant that the court erred in overruling appellant's motion to quash the entire panel, that is the jury empaneled to try the defendant, and also erred in declining to complete the jury to try him by drawing such additional names as were needed from the general jury box of the county.

On this point it appears that on Thursday of the third week of the term of Circuit Court in Warren County, the appellant was then on trial, and after eight jurors had been accepted by both sides, it was found that the petit jury and talesmen had been exhausted. In that situation the appellant moved the court to draw the requisite number of names to be summoned by the sheriff from the general jury box from the county, there being "plenty of names" in said box, it being contended by the appellant that Chapter 301, of the Laws of 1938, required the circuit judge so to do. The court overruled this motion and directed the sheriff to go out and summon twenty men to serve as jurors to complete the panel to try the case.

When the jury of twelve men was completed, the appellant made a motion to quash the panel because the court had not complied with Chapter 301, Laws of 1938.

There is nothing in the record to show upon the organization of the court, the first week of the term, and the

impaneling of the grand and petit juries, that the trial court did not comply with the statute invoked. There is no showing as to where the jurors came from who were summoned by the sheriff, whether from Vicksburg or from the outlying country. There is no showing that the jury was not fair and impartial in the trial of the case.

Chapter 301, Laws of 1938, is an amendment of Chapter 2058, Code of 1930. Section 2058 is as follows: "After the drawing of the grand jury, the remaining jurors in attendance shall be impaneled into two petit juries for the first week of court if there be a sufficient number left, and, if not, the juries may be completed from the bystanders, or the court may direct a sufficient number for that purpose to be drawn and summoned; but if there be more than enough jurors for the two juries, or for one jury if the court shall direct only one to be impaneled, the excess may be discharged, or they may be retained, in the discretion of the court, to serve as talesmen; and, if so retained, they shall have the privilege of members of the regular panel, of exemption from service."

Chapter 301 is as follows: "2058. After the drawing of the grand jury, the remaining jurors in attendance shall be impaneled into three petit juries for the first week of court if there be a sufficient number left, and, if not, the court may direct a sufficient number for that purpose to be drawn and summoned; but if there be more than enough jurors for the three juries, or for two juries if the court shall direct only two to be impaneled, the excess may be discharged, or they may be retained, in the discretion of the court, to serve as talesman; and, if so retained, they shall have the privilege of members of the regular panel, of exemption from service."

It will be observed at once that by the amendment the circuit judge, in impaneling the petit juries after the grand jury had been impaneled, is authorized to have drawn from the list of names three petit juries instead of two. It will be further observed that these words "the

juries may be completed from the bystanders'' are omitted from the amendatory statute. Neither Section 2058 nor Chapter 301 dealt with or gave directions to the trial court as to the procedure in impaneling a jury after the original organization of the court in the first week of that term. The omitted words applied only to that situation. Neither the original statute nor Chapter 301 purported to deal with the situation presented, which is depicted here.

The court gave as a reason for not complying with appellant's request in effect that the court would be adjourned by operation of law on Saturday following the beginning of the trial of the case at Bar on Thursday, and this was the last week of that term of court as provided by law. The amendatory statute, Chapter 301, Laws of 1938, does not deal with this situation in any manner, is not ambiguous, but is perfectly clear as to when the circuit judge is required to draw from the general jury box of the county instead of having the sheriff summon from bystanders as was permitted by Section 2058. Where a statute is perfectly plain, there is no room for the court to interpolate a strained construction. The court has no power to enact a statute.

It is evident that the legislature in dealing with the method of impaneling the petit juries on the organization of the circuit court intended to correct by the omission of the words ''the juries may be completed from the bystanders'' the habit of permitting the sheriff to call people who have been denominated as professional jurors to serve on the regular juries for a week, and thereby from time to time draw from the county treasury a week's pay, and further to lessen the danger of political friendships to enter the jury box by being convenient bystanders.

The legislature by the amendatory act did not contemplate that in the absence of names in the general jury box and in the absence of sufficient regular jurors and talesmen that the court should be at the mercy of a defendant then being placed on trial.

We have left out of view that Section 2058 as amended

became a part of Chapter 40 and might be said to be controlled by Section 2064, which provides that the jury laws are directory. It is unnecessary for us to discuss the effect of that section on the statute here involved.

Affirmed.