FARR v. STATE.

(In Banc. March 11, 1946.)

[25 So. (2d) 186. No. 35930.]

Marshall T. Adams, of Tupelo, and A. M. Mitchell, of Pontotoc, for appellant.

Greek L. Rice, Attorney General, by R. O. Arrington, Assistant Attorney General, for appellee.

**L. A. Smith, Sr., J.,** delivered the opinion of the Court.

James Edward Farr, the appellant, was convicted in the Circuit Court of Pontotoc County of the murder of Henry Jackson, and sentenced to life imprisonment. On this appeal he assigns as errors the refusal of the Circuit Court to transfer this case to the juvenile court under Sec. 7204, Code 1942; and the overruling of appellant's motion to suspend the judgment, and denying his release on good behavior, or subject to other orders of the court for his best interests; and not granting a hearing of evidence on the motion to determine appellant's best interests under Secs. 7204, 7205, Code 1942. Further error is claimed in that the court erred in granting an instruction for the state defining murder, and not instructing the jury as to manslaughter, in connection therewith. Another assignment is that the court erred in overruling appellant's motion for a new trial.

The colored people, in the vicinity of a colored schoolhouse near Springville, were accustomed to gather on Saturday nights, and enjoy themselves in festivals accompanied by some dancing and drinking. However, it does not appear that anybody involved was drunk on the Saturday night of the killing, which was early in January, 1943, at a time when appellant was somewhat

over the age of sixteen years, but under the age of eighteen years. The deceased, Henry Jackson, was slain on this occasion by appellant, in our judgment under such circumstances as fully warranted the verdict of the jury that he was guilty of murder. There is not in the proof in the record any element of manslaughter. At the time of the trial, about two years after the homicide, the appellant was somewhat over the age of eighteen years.

Sec. 7204, Code 1942, reads as follows: "Whenever it shall appear to any criminal court of this state that any person being prosecuted in such court for a felony is a child under eighteen years of age, such court shall have authority to order such prosecution dismissed and to order such child to be committed to the juvenile court for such action and disposition as said juvenile court may think proper in the premises. Or the said court may, after conviction on trial of such child, suspend judgment and order the defendant released on good behavior, or such other orders, as, in the judgment of such court, would be for the best interests of said child. No child under the age of fourteen shall be proceeded against criminally."

It will be noted that this statute confides to the discretion of the criminal court the disposition to make of any child under eighteen years of age being prosecuted for a felony, whether to dismiss the prosecution and order the child committed to the juvenile court, or, after conviction, to suspend judgment and order the defendant released on good behavior, or such other order as in the judgment of the court would be for the best interest of the infant.

The point is made here that the trial court should have transferred the case to the juvenile court, or, after conviction, on motion of appellant, suspended sentence and entered such order as would be for his welfare, under Sec. 7204 supra, and should have heard proof thereon, but did not do so, overruling said motion on the ground that the court's action was optional with the judge.

Furthermore, that the statutes involved should be applied to a defendant who, at the time of the commission of the crime, was under eighteen years of age, although he had passed that age at the time of trial.

The courts of this country are divided on this question, and many of the cases are collated in 123 A. L. R. at page 446, and the commentator there says this: "There is a sharp conflict of authority on this precise point, the determination of which depends largely upon the wording of the statutory provision in the various jurisdictions. In apparently a majority of the jurisdictions in which the question has arisen, the courts have considered that the time when the proceeding is instituted, or as it is sometimes stated, the time of the trial, rather than that of the alleged commission of the offense or act of delinquency, controls in determining whether the juvenile court has exclusive jurisdiction."

We prefer to align ourselves with such majortiy view in this matter, because we think that it is better supported by reason, and because of the wording of our statute, "Whenever it shall appear to any criminal court of this state that any person being prosecuted in such court for a felony is a child under eighteen years of age." And, because even where the prisoner was under eighteen years of age, we have said in Parker, et al., v. State, 194 Miss. 895 13 So. (2d) 620, that the dismissal of a prosecution and the committal of the defendant therein to the juvenile court rests in the sound discretion of the trial judge subject only to review for abuse thereof. There is no abuse of discretion here.

At the time of the trial this appellant was over eighteen years of age, and for the reasons stated we think that the trial judge was correct in not referring the case to the juvenile court at the time of the trial, and correct in overruling the motion to suspend sentence without a new hearing. He had already heard the evidence, and he was fully informed of the act of delinquency involved, and a further hearing of evidence would have served no useful purpose.

With reference to the assignment of error as to the overruling of the appellant's motion for a new trial, we are of the opinion that the court was correct, also, in refusing to grant the appellant a new trial. He was charged with murder, he pleaded self-defense, and all his proof was directed toward sustaining justification on that ground. The state's proof made out a clear case of murder. The appellant's plea of self-defense was rejected by the jury. The evidence was conflicting. The jury heard it, and brought in a verdict of guilty, which we cannot say was manifestly wrong, or against the overwhelming weight of the evidence, and therefore we do not disturb it.

Appellant complains of the failure of the court to grant an instruction defining manslaughter in connection with the instruction defining murder. Appellant did not ask for such an instruction, which he claims would have been inconsistent with his plea of self-defense. He says that the state, in the absence of a request from him, should have obtained such an instruction. Several cases are cited, including May v. State, 89 Miss. 291, 42 So. 164, Johnson v. State, 75 Miss. 635 23 So. 579; and Grant v. State 172 Miss. 309, 160 So. 600. It is sufficient to say that these cases presuppose evidence authorizing a verdict of manslaughter.

The evidence in this case offered no justification for a verdict of manslaughter. Had the trial court been requested by the appellant to grant a manslaughter instruction here, as did not occur, the court should not have granted it under the evidence in the case, in our judgment. We find no error in the record, and the decision of the trial could will be affirmed.

Affirmed.