LEWIS *v.* STATE.

(In Banc. Nov. 11, 1946. Suggestion of Error Overruled Dec. 9, 1946.)

[28 So. (2d) 122. · No. 36245.]

Braden & Coleman, of Natchez, for appellant.

**Greek L. Rice,** Attorney General, by **Geo. H. Ethridge,** Assistant Attorney General, for appellee.

54

**L. A. Smith, Sr., J.,** delivered the opinion of the Court.

This is a companion case to Trudell v. State (Miss.), 28 So. (2d) 124. Appellant and Trudell were indicted jointly by the grand jury of Wilkinson County for murder of Mr. Harry McKey, for whom they had been working for a few days. A severance was granted to Trudell, who was tried first, was convicted, and appealed. Appellant was also found guilty as charged. Under the statute it was the mandatory duty of the circuit judge to sentence both to electrocution, which he did. The facts of the homicide are outlined in the Charles Trudell case, and we will not further discuss them here.

It is contended in this case, however, that the corpus dilecti was not proven dehors the confession, which itself was inadmissible as not being free and voluntary. We have carefully considered the evidence, and are satisfied that the circumstances outside the confession are sufficient to sustain the jury's verdict, and to exclude every other reasonable hypothesis than that of guilt. We also find no justification for the plea that the confession was not free and voluntary but was extorted by fear. On the contrary, the officers went beyond the scope of their duty just to protect the appellant from any sense of coercion or intimidation, or ignorance of his rights. This assignment of error is overruled.

There are several other assignments of error, of which we feel it necessary to discuss only two. One of which is that after the case was called for trial, and the jury was being selected, appellant moved the court to call additional jurors from the jury box, since the regular panel and the special venire had both been exhausted, and appellant had only two peremptory challenges left. This motion was overruled and appellant immediately expended his two challenges. It will be noted that these matters developed after the grand and petit juries had all been empanelled, and during the course of the trial of this case itself. Sections 1794 and 1795, Code 1942, deal respectively with when the court shall order juries drawn, and special venire facias in capital cases. The former section was Chapter 304, Laws 1938, while the latter has appeared in our statutes for a long period of time. We considered Section 1794 in J. W. Sanders Cotton Mills, Inc., v. Moody, 191 Miss. 604, 2 So. (2d) 815. In that case the "main ground urged for reversal of the judgment is the action of the court in overruling appellant's motion to quash the panel for the week, from which the jury was to be drawn to try the case. Only twelve of the jurors drawn from the jury box qualified. The tales-jurors were summoned by a constable of the county, under the direction of the judge." This Court reversed that case because it violated the mandatory requirements of Chapter 304, Laws 1938, Section 1794, Code 1942. There was no such action here, to quash before the organization of the juries, and hence that case is not in point here.

Chapter 301, Laws 1938, now Section 1792, Code 1942, was construed by us in McCary v. State, 187 Miss. 78, 192 So. 442, where we held, in substance, that in a prosecution conducted during the third week of term, wherein it was found that the petit jury and talesman had been exhausted after eight jurors had been accepted by both sides, the action of the trial court in overruling a motion to draw requisite number of names to be summoned by the sheriff from the general jury box and in direct-

ing the sheriff to sumon 20 men to serve as jurors to complete the panel, was not error as against the contention that the statute required the circuit judge to draw from the general jury box of the county, under such contingencies. In the case at bar, the general jury box was so nearly depleted that many jurors would have had to be drawn from the box of the district where the homicide occurred, and in our judgment the action of the trial judge, under such circumstances, was fairer to appellant here than if he had sustained his motion. We, therefore, overrule this assignment of error.

The next assignment of error worthy of discussion is the contention of appellant that the trial court should have sustained his motion, but did not, to reopen the matter of transfer of the cause to the Juvenile Court. Before proceeding to seek indictment in the circuit court the district attorney had sought and obtained permission of the Juvenile Court to prosecute appellant in the circuit court for murder, under Sections 7204-5-6, Code 1942. We do not think it was error to overrule this motion. We have had these sections before us heretofore, but the Attorney General here for the first time raises the question of the constitutionality of these statutes, if interpreted to have application to capital cases, under several sections of the State Constitution, notably Sections 27, 156, 171. The first section provides for indictments by a grand jury; Section 156 confers upon the circuit court original jurisdiction in all matters, civil and criminal, not vested by the Constitution in some other court; and Section 171 deals with jurisdiction of petty misdemeanors.

Section 225 of the Constitution confers upon the legislature the power to establish a reformatory school or schools, and provides for keeping juvenile offenders from association with hardened criminals. But Section 29 of the Constitution directs that excessive bail shall not be required, and that all persons shall, before conviction, be bailable by sufficient sureties, except for capital offenses when the proof is evident or presumption great.

If these acts be construed to confer upon the juvenile court the right to offer refuge to a juvenile capital offender for reform, then they must be declared unconstitutional, because then Section 29, supra, would interfere; and it would not be opposed by Section 225. We do not believe the legislature, careful to consider constitutionality of legislation, intended to provide as contended by appellant. He cites Farr v. State, 199 Miss. 637, 25 So. (2d) 186 in which we held that the application in these cases rested in the sound discretion of the trial judge, and if that case be applied here, we could not hold that the trial judge abused his discretion in refusing to turn this appellant over to the juvenile court. In the Farr case, the constitutionality of the statute was not attacked. We do not think the above statutes apply to capital cases, and since we are here considering only a capital case, we commit ourselves no further. We, accordingly, overrule this assignment of error.

It follows, therefore, that the judgment of the lower court must be affirmed, and Friday, December 13, 1946, is fixed for date of execution.

**Sydney Smith, C. J.**, did not participate in this decision.